W. R. HOWERTON, Appellant, v. JOHN H. AUGUSTINE.

**Fraudulent conveyances:** ACTION FOR DECEIT: EVIDENCE. Where one
1 party to a contract for an exchange of properties relies on a warranty that the other has actually conveyed a good title, he can not be defeated in an action for deceit by proof that a reasonably prudent person would have made an examination on his own account; there being no evidence that the complaining party had no knowledge that the title was not as represented.

**Appeal:** DENIAL OF APPELLANT'S ABSTRACT: CERTIFICATION OF EVIDENCE.
2 No certification of the evidence in a law action is necessary until the appellant's abstract has been denied and the appellee has pointed out the particulars in which it is erroneous, or has added omitted evidence; so that a mere denial of the appellant's abstract which purports to present the evidence without more does not compel him to substantiate it by a certified transcript.

*Appeal from Mahaska District Court.*—HON. W. G. CLEMENTS, Judge.

TUESDAY, JUNE 1, 1909.

REHEARING DENIED TUESDAY, DECEMBER 21, 1909.

ACTION to recover damages for false and fraudulent representations as to the title to land for which plaintiff deeded other land to defendant by way of exchange. On a previous trial of the case, the court directed a verdict for defendant, and the judgment was reversed on appeal to this court. See 130 Iowa, 389. On a second trial there was a verdict for the defendant, and plaintiff again appeals.—*Reversed.*

Irving C. Johnson and Liston McMillen, for appellant.

H. T. Bump, for appellee.

McCLAIN, J.—The facts relating to the contract for the exchange of properties and the nature of defendant's title, which plaintiff alleges to have been misrepresented,

1. FRAUDULENT
CONVEYANCES:
action for
deceit:
evidence.

are fully set out in the opinion on the former appeal (see 130 Iowa, 389), and need not be restated. On the present trial the court directed the jury that the written agreement between the parties for an exchange of properties, in which it was recited that "the parties to this contract agree to furnish to each other abstracts of their respective properties, showing title good and sufficient in grantors, three days for examination of the same before deed delivered," amounted to and had the effect of a written representation by the defendant that he had a good title to the land in Douglas County, Wash., and that the conceded reservation in the railroad contract for said land which he transferred to plaintiff showed that his representations as to title were false, and then left it to the jury to say whether plaintiff had relied upon such representations. But, in an instruction with reference to whether plaintiff relied upon and was justified in relying upon such representations, the court directed the jury to determine from the evidence whether plaintiff exercised ordinary care and prudence under all the circumstances with reference to ascertaining from the railroad contract what the reservations therein were. In this respect we think the instruction was erroneous. The evidence tended to show that plaintiff did not examine the railroad contract, nor, in fact, acquire any information as to the terms thereof until after he had deeded his land to defendant. There were explanations, which the jury may have believed, negativing any

presumption that as a matter of fact the plaintiff actually knew the contents of such instrument. But, on the other hand, the jury may have believed under the evidence that the plaintiff did not act with reasonable prudence in failing to ascertain the terms of such contract, notwithstanding the warranty in the original contract of exchange that defendant would make a perfect title to the property. Now, we understand the rule to be that, where one party to an exchange of properties relies on a warranty in the contract that the other has actually conveyed good title, he is not precluded by mere lack of prudence in a preliminary investigation of the title from recovering damages if the title turns out not to be as represented. Of course, if the party who complains had actual knowledge that the title was not as represented, and notwithstanding carried out the contract on his part, it could not be said that he relied upon the false representation in such sense as to entitle him to damages, but, if he did in fact rely upon it, then he is not to be defeated in his action for deceit by proof that a reasonably prudent person would have acted otherwise, and would have ascertained the facts by an examination which the contract did not call for. Thus it is expressly held in *Riley v. Bell*, 120 Iowa, 618, that one charged with making false representations as to the title to land, intending that they should be believed and relied upon, and which have been believed and relied upon by the other party to the contract, may not demand proof, as a condition precedent to fixing upon him a liability for resulting damages, of the fact that the person whom he has thus deceived and damaged acted as a reasonably prudent man in taking him at his word, and acting upon the faith of his truthfulness.

Appellee, however, questions the sufficient of the record to present the point which we have found to be well taken in law, and something must be said as to that objection. The instructions were specifically excepted to on

grounds stated within three days after the rendition of the verdict, and these exceptions were therefore timely. See Code, section 3709. But it is contended that no translation of the shorthand notes of the evidence, which were duly filed with a proper certificate of the trial judge had ever been made, and without such translation this court can not consider the evidence presented in appellant's abstract, and can not, therefore, determine whether the instructions in view of the evidence were erroneous and prejudicial. Where the abstract of appellant purports to present the evidence introduced on the trial, the appellee can not by a mere denial of the correctness of the abstract compel the appellant to substantiate it by certification of a transcript. The appellee has not attempted to specify in what particulars the abstract is erroneous, nor to add thereto any evidence omitted from appellant's abstract. Appellee is in the situation of saying simply that there was no translation of the reporter's notes, and that appellant's abstract of the evidence can not, therefore, be considered by this court. The rule as uniformly applied in law cases is that no certification of the evidence in a law case is necessary until the correctness of appellant's abstract has been denied with sufficient particularity to require this court to examine the transcript for the purpose of determining some controversy as to what it contains. See Rules of the Supreme Court, section 32; Code, section 4122.

*2. APPEAL: denial of appellant's abstract: certification of evidence.*

No issue is raised as to the record which would require our examination of a transcript of the evidence had one been certified by the appellant, and therefore we have no occasion to inquire whether there was ever a translation of the shorthand notes of the evidence.

The motion of appellee submitted with the case to strike the evidence from appellant's abstract is therefore overruled, and for errors in the instructions already pointed out the judgment is *Reversed.*