SHORES-MUELLER COMPANY, Appellant, v. J. R. KNOX, C. S. MISHER and C. E. MONTGOMERY, Appellees.

Trial: WITHDRAWAL OF ISSUES: WHEN CONCLUSIVE. Withdrawal from the jury of a defense of fraud pleaded by a guarantor, from which no appeal was taken, is conclusive and cannot be questioned on an appeal upon other grounds.

Contracts: GUARANTY: FRAUD. One who has procured a contract by falsehood and deceit will not be heard to say when attempting to enforce the same in a court of equity, that the injured party should not have allowed himself to be deceived, even though the false statements were made by an agent. Thus where a guarantor, who was unable to read, claimed that the contract was procured by the fraud of plaintiff's agent, who read the document to him as a mere recommendation rather than as a financial obligation which it in fact was, he could not avoid the effect of the agent's deceit upon the theory that the grantor should not have relied thereon.

Same: CONSTRUCTION: NOTICE: WAIVER. The doubtful provisions of a contract will be construed most strongly against the party preparing the instrument. So that where a contract of guaranty prepared by the obligee waived "acceptance and all notices," notice of acceptance was unnecessary, but the guarantor was entitled to notice of his principal's default.

Same: COUNTERCLAIM: INSUFFICIENCY OF EVIDENCE. The evidence in this action upon a contract of guaranty, to which defendant pleaded a counterclaim for failure to notify him of the default of his principal, is held insufficient to authorize a submission of the counterclaim to the jury.

*Appeal from Fayette District Court.*—HON. A. N. HOBSON, Judge.

THURSDAY, JUNE 5, 1913.

ACTION at law upon a contract of guaranty. The material facts are stated in the opinion. *Affirmed* in part and *Reversed* in part.

*Hagerman & Farwell* and *Ainsworth & Hughes,* for appellant.

*Henry L. Adams,* for appellees, Montgomery and Mishler.

WEAVER, C. J.—On April 19, 1909, the defendant Knox entered into a written contract with the plaintiff, a dealer in certain medicines and remedies, whereby he undertook to purchase from plaintiff a quantity of said wares for resale and pay therefor by remitting a stated proportion of his cash receipts each week. The agreement was negotiated for the plaintiff by its agent and made subject to the acceptance of the home office of the company. To this writing immediately after the signatures of the principals was added or attached a written guaranty of due performance of the contract on the part of Knox, signed by his codefendants C. E. Montgomery and C. S. Mishler. The guaranty reads as follows:

In consideration of Shores Farm Remedy Company extending credit to the above-named person we hereby guarantee to it, jointly and severally, the honest and faithful performance of the said contract by him, waiving acceptance and all notice, and agree that any extension of time or change of territory shall not release us from liability hereon.

Responsible men sign here in ink.

|  | Occupation. | Address. |
|---|---|---|
| [Signed] C. E. Montgomery, | Farmer, | West Union, Ia. |
| [Signed] C. S. Mishler, | Farmer, | West Union, Ia. |

The above guarantors are entitled upon request at any time, to statement of account.

In October, 1910, this action was begun upon the contract and guaranty naming Knox, Montgomery, and Mishler individually as defendants. The petition alleges that under said contract plaintiff sold and delivered large quantities of goods to the defendant Knox who has neglected and failed to pay for them except in part, leaving a remainder of

$336.86 due and unpaid on said account. It is also averred that plaintiff has called upon said guarantors to perform their agreement and make good the amount of said indebtedness, but they have refused to do so. Knox did not contest the claim sued upon and judgment was entered against him for the full amount demanded. The defendants Montgomery and Mishler answer separately and each pleads affirmative matter in his defense substantially as follows:

(1) That plaintiff failed to notify said guarantor of its acceptance of the guaranty.

(2) That plaintiff failed to notify said guarantor of the alleged default or defaults of Knox in making the weekly payments falling due under said contract; that Knox ceased to do business with plaintiff in November, 1909, but plaintiff for a period of about six months gave the guarantor no notice thereof and no notice of any alleged default of Knox in paying for the goods sold him, and that by reason of such delay said guarantor is unable in any way to secure payment or indemnity from Knox in case he fails to pay the claim.

(3) It is alleged that the signature of said guarantor was obtained by the joint fraud of Knox and the agent of plaintiff who brought the paper to defendant representing that it was a mere recommendation of the character of Knox and that the signing thereof would involve defendant in no pecuniary liability.

On the trial it was shown that Montgomery was a man of ordinary education, that he read the instrument before signing it, and that about the time Knox ceased to buy goods from the plaintiff said Montgomery wrote and sent to plaintiff a letter as follows:

West Union, Iowa, January 28, 1910.
Shores Farm Remedy Company, Tripoli, Iowa.

Dear Sirs: I hereby notify you that from this date on in the future I refuse to be held liable on the bond given to you by J. R. Knox on which my name appears as a surety. I hope you may be able to so adjust the matter with Mr. Knox, that

no inconvenience may come to him, but under no circumstances will I act longer as his security.

Yours very truly,

C. E. Montgomery.

On the part of the defendant Mishler there was evidence tending to show that he could not read, or at least could read but very imperfectly, that when Knox and plaintiff's agent brought the paper to him he asked them to read it to him, that the agent read it to him as a mere recommendation of Knox and not as a personal obligation, and that relying thereon and believing the paper to be what said parties represented it to be he signed it.

It was also shown that plaintiff did not notify defendants of the acceptance of the guaranty and did not notify them of the indebtedness of Knox on said account until some time after the default had occurred.

The court withdrew from the jury the defense of fraud pleaded by Montgomery, but submitted the similar defense pleaded by Mishler. The court also submitted on behalf of both guarantors the defense, or rather the counterclaim, set up by them for damages because of the alleged failure of plaintiff to notify them within a reasonable time of the default of Knox in paying for the goods purchased by him. The jury were also instructed that under the form of the written agreement defendants were not entitled to notice of the acceptance of the guaranty, but that when Knox made default in payment for goods it was plaintiff's duty to notify guarantors thereof within a reasonable time, and failing so to do defendants, if otherwise held liable on their guaranty, would be entitled to recover damages to the extent of the injury, if any, resulting to them from the delay. A general verdict was returned in favor of Mishler. As against Montgomery it was found that plaintiff was entitled to recover the sum of $336.86, diminished however by the sum of $200 damages occasioned by plaintiff's failure to give reasonable notice of the indebtedness which had accrued against Knox.

Judgment was entered upon this verdict and plaintiff appeals.

I.   So far as the defense of fraud pleaded by Mont-

**1. TRIAL: withdrawal of issues: when conclusive.**   gomery is concerned we need not stop to speak. It was withdrawn from the jury, and as Montgomery has not appealed that order is final.

As against Mishler it is argued that there was no evidence justifying the submission of the fraud issue to the jury and it also should have been withdrawn from consideration.   We shall not extend the opinion

**2. CONTRACTS: guaranty: fraud.**   to recite the testimony.   It is sufficient to say that if the jury believed the defendant (and it was within its province to do so) he was deceived and misled by the grossly false statements on the part of Knox and plaintiff's agent that the paper was in the nature of a mere recommendation of the character of Knox and involved the signer in no financial liability.   Counsel do not seriously deny this feature of the case, but say that even if the witness is to be believed in this respect he acted negligently, for if he could not read he should not have relied upon the reading by the other party, but should have called some other person to read it to him.   It is true that there are decided cases in which the rule contended for has been approved, but it is one having narrow application and upon the most common and evident principles of right ought not to be extended.   A court of justice ought not to listen to the plea of one who asks to enforce a contract obtained by falsehood and deceit and, upon being met by the defense of fraud, says, ''Suppose I did lie as you say I did—you ought not to have fallen so easily into the trap I set for your feet, you should not have believed me.''   So far as we recall this court has never gone to the extent which appellant now asks it to go and we are unwilling to establish such a precedent.   The contrary rule as affecting similar or analogous states of fact was expressly recognized in *Hopkins v. Ins. Co.*, 57 Iowa, 203, and has since been frequently applied.   In our judgment there was no error in submitting to the jury the defense of fraud pleaded by the

defendant Mishler, and the verdict thereon in his favor has sufficient support in the record.

II.  The only other question presented by the appeal is whether the verdict upon Montgomery's counterclaim for damages should have been set aside by the trial court.  Appel-

3. Same: construction: notice: waiver.

lant makes the point that under the terms of the guaranty notice of the failure of Knox to pay the debt was waived.  In the language of the writing the guarantors waive "acceptance and all notice."  The language is awkward but we think the trial court was right in holding that it rendered unnecessary any notice of the acceptance of the guaranty.  Whether its effect reaches further and renders unnecessary any notice of the default of the principal debtor is, to say the least, quite doubtful and under the rule that obscurities and doubtful meanings are to be construed most strongly against the party preparing the instrument, we are also inclined to approve the construction put upon it by the court.

But however this may be, we think that the counterclaim should not have been submitted to the jury and the verdict rendered thereon should have been set aside.  As we read

4. Same: counterclaim: insufficiency of evidence.

the record there is no evidence whatever of unreasonable delay in notifying Montgomery of plaintiff's claim, or that Montgomery suffered in any way or to any extent for want of notice of such indebtedness.  Knox testifies that when he ceased buying goods from plaintiff his purchases had amounted to about $700, that his indebtedness therefor was then about $580, and he had goods on hand and accounts due him from others for goods sold to the amount of $698.  What became of the assets or whether he still has them in his possession, or what the outstanding accounts were worth, or whether Knox is insolvent there is nothing to show.  Montgomery's letter of January 28, 1910, is a clear concession that he recognized his liability as guarantor up to that date and no claim is made against him for any indebtedness thereafter accruing.  Indeed,

it would seem that before suit was brought Knox had in some way reduced the claim against him quite materially. We see no way in which the holding of the district court in this respect can be sustained.

For reasons above stated the judgment in favor of the defendant Mishler is affirmed, and the judgment in favor of the defendant Montgomery on his counterclaim is reversed.

*Reversed* in part. *Affirmed* in part.