UNITED ENGINE COMPANY et al., Appellees, v. CHARLES JUNIS, Appellant.

**SALES: Remedies of Buyer—Rescission With Demand for "Damages."** The buyer of goods does not negative a declared *rescission* of the contract and convert his attempted rescission into an *affirmance* of the contract by coupling with his declared rescission a demand for the return of his "damages," when, by the use of the word "damages," he intended to include only those items of outlay which would restore the *status quo*.

*Appeal from Jasper District Court.*—D. W. HAMILTON, Judge.

NOVEMBER 13, 1923.

ACTION at law, to recover the purchase price of an engine, generator, and batteries sold by plaintiffs to defendant for lighting and power purposes. Defendant pleaded a rescission of the contract and a counterclaim for part payment made on the purchase price, and for expenses incurred in installing the machinery. Verdict for plaintiffs, and defendant appeals.— *Reversed.*

*Cross & Hamill,* for appellant.

*Campbell & Campbell,* for appellees.

FAVILLE, J.—The appellant operates an ice cream parlor and candy kitchen in the city of Newton. In January, 1920, he entered into a written contract with appellees for the purchase of an engine, generator, and batteries, to be installed in his place of business. The machinery was installed, and appellant paid $25 on the purchase price. He incurred expenses in the remodeling of his premises to a certain extent, in order to permit the installing of the plant. Appellant claimed that the plant did not operate satisfactorily, and that appellees endeavored to adjust the same to his satisfaction, but without success. He refused payment of the balance of the purchase price, and pleaded

a breach of warranty, and also contended that he orally. refused to accept the property, and had served a written notice of rescission upon appellees. By reply, appellees pleaded that appellant had waived his right to rescission.

I. It is contended by appellant that the court erred in instructing the jury on the question of rescission of the contract.

Appellant testified that he had certain cement and carpenter work done in his building, in connection with the installing of the plant, and that he had a conversation with the agent for the appellees, in which appellant claimed that the plant did not work, and in which he told appellees' agent to remove the plant and to pay appellant his "damages." He said:

"When I told them to pay me the money I had paid out, I meant paying the expenses of the carpenter work and all that stuff."

He testified that the value of the work so done by him was $200.

The plant remained in appellant's place of business, but was not used by him in any way thereafter; and later, the written notice of rescission was served.

The court instructed the jury as follows:

"And in this case, if you find that the defendant, after he had discovered that the machinery did not do the work, as warranted by the plaintiffs, if you have found that it did not, that he then elected to retain the machinery and claim damages from the plaintiffs for a defect in the machinery, then he could not afterwards claim a rescission by offering to return the machinery to the plaintiffs. And if you find from the evidence in this case that, on or about the first of September, 1920, the defendant said to the plaintiffs, or their representatives that the machinery would not do the work, and was not as warranted, but that they could not take the machinery away until they had paid him his damages, this would be an election upon the part of the defendant, and he could not afterwards claim a rescission of the contract by offering to return the machinery. And in that case, the plaintiffs would be entitled to receive [recover] in this action."

This instruction is made the basis of complaint by appellant.

It is unnecessary that we enter into a discussion of the

question of "election of remedies" or "election of rights."
The rule is well established that a buyer of a chattel that has
been sold under a warranty, either express or implied, which
fails to comply with such warranty, has available to him either
of two remedies. He may (1) retain the purchased article and
recover the damages sustained, or (2) restore or offer to restore
the article within a reasonable time, rescind the contract, and
recover the purchase price. *Rogers v. Hanson & Co.*, 35 Iowa
283; *Jack & Toner v. D. M. & Ft. D. R. Co.*, 53 Iowa 399; *Ault-
man Miller & Co. v. Theirer*, 34 Iowa 272; *Case Threshing Mach.
Co. v. Haven*, 65 Iowa 359; *Upton Mfg. Co. v. Huiske*, 69 Iowa
557; *Cummings v. Sherman*, 151 Iowa 176. He cannot pursue
both of these remedies, and an election to pursue one is a waiver
of the right to pursue the other. A rescission contemplates and
requires the restoration of the *status quo*. There cannot, how-
ever, be a rescission by the buyer, coupled with a recovery for
damages by reason of an alleged breach of the contract. The
two remedies are inconsistent.

In the case at bar, it was the contention of the appellant
that he had chosen to rescind the contract. It was the conten-
tion of the appellees that appellant had waived his right so to
do, by having elected, prior to the alleged rescission, to claim
damages for the breach of the contract, in lieu of rescission. It
is the contention of the appellant that the statement to the effect
that he would not take the property, and that appellees should
take it back and pay appellant his "damages," was not intended
by appellant as an election to claim damages for breach of the
contract, or as a waiver of his right to rescind. Appellant tes-
tified that he meant, by the term "damages," the amount he
had paid out for carpenters, cement work, and similar matters,
in the installation of the plant, and that he so informed appellees
at the time. Appellant contends that he had a right to make a
claim for these items, in an offer of rescission of the contract.
He claims that it was proper that he be reimbursed for these
items, in order to restore the *status quo* between the parties.

The jury might well have found from the record that ap-
pellant demanded that appellees should repay him the $25 he
had paid on the purchase price, and also the sum of $200 which
he had expended in the installation of the plant, as "damages."

Did this amount to an election to claim damages for breach of the contract, and was it a waiver of the right to rescind?

Unquestionably, the rule is well established that a party who once takes a position either to claim rescission or to claim damages for a breach of a contract cannot afterward mend his hold and seek relief on the other theory. So in this case, if the appellant elected to claim damages for breach of the contract, this was a waiver of his right to claim rescission. In this case, however, the jury might well have found from the record that the intention of the appellant was merely to demand that he be repaid the portion of the purchase price which he had advanced, and in addition thereto the "damages" which he had incurred as expenses in the installing of the plant, and that no other damages were claimed by him. It is a universal rule that, where a party has paid a portion of the purchase price, and seeks a rescission of the contract, he can, in an action for rescission, recover the portion of the purchase price that has so been paid. A demand that he shall be repaid such portion of the purchase price is not an election to claim damages generally, nor does it constitute a waiver of the right to rescind. It has also been held that, where the original contract contemplated the expenditure of money in the installing of the plant, in an action for rescission the rescinding party had a right to demand and recover in such action the amount so paid for said purposes. In *Lake v. Western Silo Co.*, 177 Iowa 735, we said:

"The court instructed that plaintiff might recover, not only the purchase price paid, but also the expenses incurred by him in attempting to assemble the silo. This is said to be erroneous, because, upon rescission, a purchaser is entitled to recover nothing more than the purchase price, the contract being, by that act, out of the case, and insufficient to support a claim for damages. In this case, it was contemplated that plaintiff should incur expense in assembling and erecting the silo; and neither he nor defendant's agent, who was present, discovered the shortage in the staves until the foundation of the silo was laid, and the staves put in place. As plaintiff did not know the number of staves required, until he came to assemble the silo, and, as an ordinarily prudent man, was not bound to make this discovery, we think the trial court properly instructed that plaintiff

might recover, not only the money paid, but the expense he was put to in attempting to erect the structure.''

In *International Harv. Co. v. Tjentland*, 181 Iowa 940, the suit was in equity to foreclose a mortgage. The defendant claimed that he had rescinded the contract. It was urged that the defendant did not exercise his right to rescind, but, on the contrary, affirmed the contract, and waived his right of rescission. It was undisputed in the record that he demanded the return of a partial payment he had made. It was the contention of the plaintiff that the defendant had demanded damages, as a condition of surrendering the property. We said:

''Whatever was done by the defendant in the assertion of his right of rescission was quite informal, and apparently without any very definite idea of the exact nature of his right. But on the whole, we think his intent and offer to rescind were made clear, and that there was no misunderstanding about it on the part of the plaintiff's agents.''

We also said:

''The defendant had his election of the twö remedies: either to denounce the contract and rescind it, or to affirm it and claim damages. To take one remedy was to waive the other. Having declared upon a rescission, he was entitled to be put *in statu quo,* and to recover whatever of the purchase price he had paid. This would doubtless include any expenses incident to the purchase, such as the payment of freight. * * * The order of rescission and cancellation will stand. The defendant will be allowed to recover $98, with interest, and no more, being the amount paid by him on the purchase price of the tractor, including freight. This will restore the *status quo.* No damages will be allowed.''

In the instant case, also, the demand of the appellant was quite informal. He refused to take the property, and demanded the repayment of the portion of the purchase price which he had paid. He also claimed that he demanded repayment for the amount he had expended in installing the plant. He contends that this was all he claimed; no more, no less. He claims that he did not demand ''damages'' generally, nor any damages for the breach of the contract; that he simply sought to be put *in statu quo.* The jury may well have found that the original con-

tract between the parties contemplated the necessity of the alteration of appellant's building, to become adapted to the installation of the plant. Under our previous holdings, upon rescission, appellant would have the right to recover the portion of the purchase price he had paid, and also the amount he had necessarily expended, in good faith, in the installation of the plant. This alone would not be an election to claim damages for breach of the warranty.

We hold that, as a matter of law, the appellant did not, by offering to return the property, coupled with a demand that he be repaid the portion of the purchase price he had paid and the actual expense incurred in good faith in installing the plant, elect to claim damages for breach of the contract, and by so doing waive the right to rescind the same.

The court erred in giving the instruction complained of, and in submitting this question to the jury in the manner in which it did. By said instruction the court placed too narrow a limitation upon the claim of the appellant. The court was correct in the general statement in the instruction that, if appellant said to appellees, or its representative, that the machinery would not do the work, and was not as warranted, but that they could not take it away until they had paid him his damages, this would be an election on the part of appellant, and he could not afterward claim a rescission. This would be true if the evidence disclosed that the claim was for damages resulting from breach of the warranty. The difficulty with the situation, however, is that the evidence tends to show quite conclusively that the only "damages" claimed by the appellant in this connection were the two items of (1) the portion of the purchase price paid and (2) the cost of installation which he had paid. Both of these claims for so-called damages were wholly consistent with his right to a rescission, and the claim for such alone would not constitute an election to claim damages generally for breach of the contract. If the jury found that these items were all the "damages" appellant claimed, then the appellant would not be held to have waived his right to rescind, as the recovery of said items would be consistent with the right to rescission. The court should have instructed the jury fully on said matter. The instruction as given was erroneous and prejudicial to appellant.

II.   Appellant complains that his claim of a breach of implied warranty was not set forth in the court's instructions as fully as was proper.

The court might well have amplified the instructions in this regard.   The appellant was entitled to have his defenses definitely set forth, and the law pertinent to each of them clearly stated.   No requests were made by appellant covering the matters complained of.   We find no error requiring our interference at this point.   The law bearing upon the question of implied warranty in a case of this kind is discussed in *Pew Co. v. Karley & Titensor*, 154 Iowa 559.

For the error pointed out, the case must be—*Reversed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.