22202. KELLY *v.* MORRIS, administrator.

354

DECIDED FEBRUARY 4, 1933.

*Porter & Mebane,* for plaintiff.

*Maddox, Matthews & Owens,* for defendant.

JENKINS, P. J. This was a suit on contract, for damages against an administrator. The petition alleges: that the plaintiff entered into a parol agreement with defendant's intestate, whereby he purchased a described tract of land, to be paid for by the delivery of 45 bales of cotton over a period of four years; that he entered into possession of the bargained premises, made valuable improvements thereon, and delivered the stipulated number of bales of cotton to the intestate, who died, however, just prior to consummating his purpose of executing a deed to the premises. He alleges that after the death of the intestate he attempted to get the defendant administrator to make him a deed to the premises, but that the administrator refused to do so, and, "over the protest of your petitioner," took possession of the premises, and "did receive rent for said farm from your petitioner." The administrator thereafter sold the farm at administrator's sale for the sum of $2,610, and executed to the purchaser at the sale a deed to the premises. The plaintiff alleges that the conduct of the administrator was a breach of the contract between himself and the decedent, and sues thereon to recover from the estate the alleged value of the cotton delivered, to wit $5,400. The court sustained a general and special demurrer, and the plaintiff excepted.

The petition indisputably indicates that subsequent to the death of the intestate there was either an abandonment or a rescission of the original contract of purchase and sale on the part of the plaintiff, the alleged purchaser. This is made clear when it is averred that the plaintiff, though occupying the land at the time of

the death of the intestate, surrendered possession thereof, "under protest," to the administrator upon his demand, and thereafter became his tenant, and subsequently paid him rent as landlord, suffering the administrator to sell the premises thereafter at public outcry as the property of his intestate, and allowing the purchaser at the sale to pay for and go into possession of the same. Such admitted conduct on the part of the plaintiff is wholly inconsistent with any rights belonging to him under the alleged contract of purchase. A suit on contract for damages on account of a breach thereof can not be maintained except *by affirmance of its continuing validity,* whereas the petition shows on its face that the original contract had either been repudiated and abandoned by the plaintiff as the alleged purchaser, or else he had elected to treat the alleged breach as a rescission. It is contended by counsel for the administrator, that, irrespective of any waiver of forfeiture of rights growing out of the acts and conduct of the plaintiff, the only remedy of the plaintiff where, as here, the alleged breach was not by the seller but by his administrator in his representative capacity, would be to enforce specific performance. As we see it, it is unnecessary to determine that question, for the reason that the plaintiff's acts and conduct debar him from any right to sue on the contract, which by the petition appears to have been not only abandoned, but which abandonment the plaintiff appears to have consummated by acts and conduct entirely inconsistent with the idea that the alleged contract of purchase and sale remained of any force or effect. The suit being brought on the contract itself, and not on the theory of a rescission, it is unnecessary to deal with the question as to whether or not an administrator has power to place any new, different, or additional burdens on the assets of his intestate's estate on account of a breach by him in his representative capacity of his intestate's contract by subjecting the estate to the other, different and perhaps much greater damages appropriate to a suit based on rescission growing out of a breach by the intestate himself. See, in this connection, *McFarlin* v. *Stinson,* 56 *Ga.* 396; *Lynch* v. *Kirby,* 65 *Ga.* 279; *Hughes* v. *Treadaway,* 116 *Ga.* 663, 670 (42 S. E. 1035) ; *Walton* v. *Reid,* 148 *Ga.* 176 (96 S. E. 214).

The court did not err in sustaining the demurrer.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*