23006. STERCHI BROTHERS COMPANY *v.* HARRIS.

DECIDED OCTOBER 28, 1933.

*Oliver R. Hardin,* for plaintiff in error.  *Mann & Mann,* contra.

STEPHENS, J.  This is a suit by Bonnie Harris against Sterchi Brothers Company, to recover the amounts paid by the plaintiff to the defendant upon the purchase-price of household furnishings consisting of furniture, some rugs, and other articles, which the defendant had sold to the plaintiff under an alleged retention-of-title contract and a part of which, it was alleged, the defendant had, without authority, repossessed and taken from the plaintiff. The defendant, in its plea as amended, admitted retaking the property, but alleged that the plaintiff was in arrears in payments upon the purchase-price, and that she requested the defendant to take possession of the property and hold it until the plaintiff could pay the balance due.

The plaintiff's right of action is necessarily based upon the theory that the act of the defendant in retaking the property amounted to a rescission of the contract of sale.  This contract, which was in writing and was introduced in evidence, gives to the defendant no right to retake the property on any condition, and contains no provision for any disposition of the amount paid on the purchase-price in the event of the plaintiff's failure to carry out the contract or of the repossession of the property by the defendant.

It appears from the evidence, without contradiction or dispute, that the plaintiff was in arrears in the payments due on the purchase-price of the property, and that the defendant, through its agent, went to the plaintiff's home for the purpose of making a collection on the account, and, in the event of a failure to make a collection, to take possession of the property; and that the defendant's agent, after going to the plaintiff's home and after demanding of

the plaintiff a payment which the plaintiff did not make, took possession of and carried away the furniture and some other property. While there is evidence that after the defendant's agent made demand upon the plaintiff for a payment upon the account, the plaintiff, in response to the demand, informed the defendant's agent of her inability to make the payment, and referred the agent to her husband, who suggested that the defendant take possession of the property, and that the plaintiff agreed to the defendant's taking the property and assisted the defendant's agent in removing it from the plaintiff's house, there is evidence that the defendant's agent who came to the plaintiff's home and took the property demanded of the plaintiff a payment on the property, and accompanied this demand with a statement that if the payment was not forthcoming, he would retake the property, that the plaintiff failed to comply with this demand because she had no money, and that the defendant then took the property without the plaintiff's consent.

The only evidence which could tend in any way to indicate that the property was repossessed by the defendant for the plaintiff's benefit, and that the plaintiff was given any right to redeem the property upon making any further payments, is that when the defendant's agent took the property he stated to the plaintiff's husband, to whom the plaintiff had referred him, that if the husband "would get up some money and come and make some payments on it, we would keep it for him."

A verdict was found for the plaintiff in a sum slightly less than the amount sued for. The defendant moved for a new trial, and the motion was overruled. The case is in this court on exceptions to the judgment overruling the motion.

While it appears, without contradiction or dispute, that the defendant took the property, it does not appear that the defendant had any right to take it except by the consent of the plaintiff, given when the defendant took it. Therefore the only justification for the defendant's repossessing the property must be found in what occurred between the parties after the defendant's agent had gone to the plaintiff's home for the purpose of obtaining a payment on the property or to bring back the property. While there is a conflict between the witnesses as to whether the plaintiff, through her husband as her authorized agent, suggested that the defendant retake the property, and tendered the property to the defendant, there

is no evidence as to any terms or conditions upon which the property was repossessed and retaken by the defendant. Construing the evidence most favorably to the defendant, it appears that the plaintiff, without any agreement as to terms or conditions, tendered the property to the defendant and acquiesced in and agreed to the defendant's retaking possession of the property. While there is a statement in the testimony of the defendant's agent that when he took the property he stated that if the plaintiff would "get up some money" and would make "some payments" on the property, the defendant would keep the property for the plaintiff, this was a statement merely of what the defendant was willing to do. It amounted to no more than an offer, if that, to give the plaintiff the right to redeem the property upon a further payment on the purchase-price. There is nothing in the evidence to indicate that the plaintiff accepted this offer, and it therefore does not appear that any contract arose by which the defendant was to retake the property or was to hold it as the plaintiff's property and for the plaintiff's benefit.

Any possible inference from the evidence that might be suggested, that the property was tendered and accepted in full settlement of the payments in arrears, is necessarily eliminated from the case, since the defendant did not rely upon any such agreement, but relied, as indicated in the pleadings and in the evidence of the defendant's witnesses, solely upon an alleged agreement that the property was to be held by the defendant as the property of the plaintiff and for the plaintiff's benefit.

The evidence therefore demands the inference that the defendant retook the property unconditionally, either with or without the consent of the plaintiff, assumed absolute dominion and control over it, and converted it to its own use. This amounted to a rescission of the contract, whether by the act of the defendant alone in retaking the property or by the consent of the parties. In either event the plaintiff is entitled to restitution in the amount which the plaintiff had already paid upon the purchase-money of the property retaken.

As respects the right of the plaintiff to rely upon a rescission of the contract, the failure of the defendant to take back all the property is immaterial. Since the property was sold, as contended by the defendant, under one contract, the retaking by the defendant of only a portion of the property, under the circumstances, constituted a rescission of the entire contract.

776

The verdict found for the plaintiff, in so far as it represents a finding that the defendant is liable to the plaintiff in some amount, is as a matter of law demanded, and the grounds of the defendant's motion for a new trial, which relate only to the question of the defendant's liability and in which only excerpts from the charge of the court and the failure of the court to charge are excepted to, are manifestly immaterial and need not be considered.

Whether the plaintiff, in suing upon a rescission of the contract, can recover the entire amounts which she paid upon the purchase-price, or must account to the defendant for the property, if any, which was left in the possession of the plaintiff and which the defendant claims it did not retake, the evidence authorizes the inference that the verdict found for the plaintiff, which is in an amount less by $3.90 than the total sum which it appears was actually paid on the purchase-price of the entire property, is in a sum not greater than the purchase-price of the particular articles as appears in the context, which the defendant retook and repossessed.

A verdict for the plaintiff in some amount was as a matter of law demanded, and the verdict in the amount found for the plaintiff was authorized by the evidence. No error of law appears, and the defendant's motion for a new trial was properly overruled.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*