McTEE & COMPANY, INC., Appellee, v. FRED B. RYDER, Appellant.

No. 43283.

MARCH 10, 1936.

Miller & Claussen, for appellant.

Sutton & Sutton and Walter Eggers, for appellee.

ALBERT, J.—We are not favored with an appellee's brief and argument in this case, and therefore do not know what the appellee's theory is.

The fact situation, briefly stated, is that the defendant made a written contract with the plaintiff for certain advertising material, which was later to be published in the local newspapers. The defense was that in the procurement of this written contract fraudulent representations were made by the agent of the plaintiff who secured said contract, the principal one being that it would cost the defendant 80 cents per week to publish this material in the local newspapers and that when the plaintiff attempted to have the material printed in the local newspapers the least price for which he could get this advertising published was $13.20 per week.

█▊█ At the close of all the testimony, a motion to direct a verdict was made, based upon four grounds. The first ground was:

"The misrepresentations concerning the cost of publishing the advertisements were so unreasonable that defendant as a reasonable man would not have relied upon them or have been deceived thereby."

This ground is not available to the plaintiff, as we have many times decided. Riley v. Bell, 120 Iowa 618, 95 N. W. 170; Howerton v. Augustine, 145 Iowa 246, 121 N. W. 373; Sutton v. Greiner, 177 Iowa 532, 159 N. W. 268; Shores-Mueller Co. v. Knox, 160 Iowa 340, 141 N. W. 948.

The second ground of the motion was:

"The evidence in the record as to misrepresentations as to cost of publication is insufficient to carry to the jury the question whether such cost was misrepresented to defendant."

We have read the record with care and there seems to be an abundance of evidence to carry to the jury this question of whether the cost of publication "was misrepresented to defendant." The contract under consideration provides that plaintiff "assumes no responsibility for cost or rate of publication. Neither party will be held responsible for any provisions or representations not embodied in writing herein."

█▊█ The third ground of the motion for a directed verdict was as follows:

"The plaintiff was relieved from the consequences of misrepresentation as to cost of publication by the requirement of

the contract that defendant arrange for the publication of the advertisement and its provision that plaintiff 'assumes no responsibility for cost or rate of publication.' ''

That a provision of this kind in a contract does not relieve from the consequences of fraud and misrepresentation has been announced quite frequently in this state. See Good Roads Machinery Co. v. Ott, 186 Iowa 908, 171 N. W. 721; Bonewell & Co. v. Jacobson, 130 Iowa 170, 106 N. W. 614, 5 L. R. A. (N. S.) 436. That this is the general rule in other jurisdictions, see, 22 Corpus Juris, p. 1215, section 1621, and cases thereunder cited. Also, see 10 A. L. R. 1464.

▮▮▮ The fourth ground of the motion to direct a verdict was:

''The defendant cannot rescind the contract because he has not returned to plaintiff the matter received under the contract.''

The correspondence between these parties, in evidence, shows that the defendant sought to rescind the contract and the plaintiff refused to recognize such attempted rescission and stood squarely on the contract. The letters also show that the defendant was demanding the return of $52 paid to the plaintiff, as a condition to the returning of the material to the plaintiff upon the rescinding of the contract. This question is fully disposed of in the case of United Engine Co. v. Junis, 196 Iowa, 914, 195 N. W. 606.

It will be noted first that there was no offer on the part of the defendant to return the goods, and further than this, the attitude of the plaintiff, as shown by the correspondence, was that it would not recognize any attempted rescission of the contract. Under such circumstances, we said, in the case of Lake v. Western Silo Co., 177 Iowa 735, 740, 158 N. W. 673, 675:

''As the law does not require the doing of vain things, if the seller refuses to accept the goods when offered, or indicates a purpose not to rescind, if tendered, no formal tender is necessary.''

It was on these four grounds that the motion to direct a verdict was sustained, and, under the holdings of this court, the sustaining of the motion was error.—Reversed.

DONEGAN, C. J., and ANDERSON, KINTZINGER, MITCHELL, PARSONS, RICHARDS, HAMILTON, and STIGER, JJ., concur.