26349. SOMMER v. INTERNATIONAL HARVESTER COMPANY OF AMERICA.

DECIDED NOVEMBER 4, 1937.

H. F. Lawson, for plaintiff in error.

H. E. Coates, Crenshaw, Hansell & Gunby, Warren Cox, contra.

BROYLES, C. J. The International Harvester Company sued Sam Sommer on a note given by him for the purchase-price of a tractor. A prima facie case for the plaintiff was admitted by the defendant who assumed the burden of proof and set up a counter-claim that the plaintiff had damaged him in the amount of $510 by reason of the breach of an implied warranty in the sale of six peanut "planters." After the introduction of evidence the jury returned a verdict in favor of the plaintiff for the full amount sued for; and the defendant's motion for a new trial was overruled. Conceding, but not deciding, that the evidence demanded a finding that the peanut planters were not merchantable and not reasonably suited to the use for which they were intended, in that they wasted peanuts, and thereby caused Sommer to incur the damage set up in his counter-claim, we think that the evidence clearly authorized the jury to find that the contract for the sale of the planters was rescinded by both parties; and Sommer, having returned the planters to the company, and having received from the company credit for the purchase-price thereof (the planters having been sold on credit), could not thereafter recover damages for a breach of the contract. "A rescission of the contract by consent, or a release by the other contracting party, is a complete defense." Code, § 20-905. "The cancellation of a contract necessarily implies a waiver of all the rights thereunder

by the parties. If, after a breach by one of the parties, they agree to cancel it, that is a waiver of any cause of action growing out of the original breach." Whedon v. Lancaster County, 80 Neb. 682 (114 N. W. 1102), citing Dreifus v. Columbian &c. Co., 194 Pa. 475 (45 Atl. 370, 75 Am. St. R. 704). "The rule is well established that a buyer of a chattel that has been sold under a warranty, either express or implied, which fails to comply with such warranty, has available to him either of two remedies. He may (1) retain the purchased article and recover the damages sustained; or (2) restore or offer to restore the article within a reasonable time, rescind the contract, and recover back the purchase price [citing numerous cases]. He can not pursue both of these remedies, and an election to pursue one is a waiver of the right to pursue the other. A rescission contemplates and requires the restoration of the status quo. There can not, however, be a rescission by the buyer with a recovery for damages by reason of an alleged breach of the contract. The two remedies are inconsistent." United Engine Co. v. Junis, 196 Iowa, 914 (195 N. W. 606); Yancey v. Southern Wholesale Lumber Co., 133 S. C. 369 (10) (131 S. E. 32). In the instant case the issue of rescission was raised by the evidence adduced, and the court did not err in instructing the jury thereon. In the light of the entire charge and the facts of the case, none of the excerpts from the charge, complained of, show reversible error. The refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*