19811. WALLACE *v.* MATTHEWS.

ARGUED SEPTEMBER 12, 1957—DECIDED NOVEMBER 8, 1957.

*Louis M. Tatham, Ruby Poole,* for plaintiff in error.

*Benj. B. Blackburn, Jr., Haas, White & Douglas,* contra.

MOBLEY, Justice. The evidence showed without contradiction that the plaintiff gave the defendant a note for $1,648.19 and $750 in cash at the time the contract was made for the purchase of the restaurant equipment. Upon the question of fraudulent representations to induce the plaintiff to make the contract, the evidence was in conflict; and based upon this ground a verdict for the plaintiff was not demanded. Code § 110-104. However, the facts are uncontradicted that, after paying one month's rent and operating the restaurant for two or three weeks, the plaintiff closed up, locked the doors and mailed the key to the owner of the building in which the restaurant equipment was located. The plaintiff through her attorney then wrote a letter to the defendant, stating that she was treating the contract as null and void and making demand upon the defendant for the amount

she had paid thereunder. The defendant testified that, after the plaintiff closed up, he paid the rent on the premises for another month, and finally resold all the equipment which had been originally sold to the plaintiff with the exception of an air conditioning unit, which he had not owned and which the plaintiff had agreed to pay for in the conditional-sale contract. It is clear from this evidence that the plaintiff offered to rescind the contract, and that the defendant by retaking and reselling the property elected to accept the rescission. The conditional-sale contract, introduced in evidence, does not give the seller the right to retake the property upon default of the buyer, but provides only that failure to pay one of the instalments thereunder will entitle the seller to declare the whole amount due. "Where several articles of personal property are sold under one contract, and the seller retakes from the purchaser a substantial portion of the property, without any authority for so doing other than the purchaser's consent thereto at the time, and there is no agreement respecting any terms or conditions upon which the property is retaken, the property retaken thereby becomes converted to the seller's own use, and the transaction constitutes a rescission, by agreement, of the contract of sale, and the purchaser is entitled to recover of the seller a sum equal to that paid on the purchase-price of that portion of the property which was retaken by the seller." *Sterchi Bros. Co.* v. *Harris,* 47 *Ga. App.* 772 (1) (171 S. E. 457); *Blevins Aircraft Corp.* v. *Gardner,* 66 *Ga. App.* 843, 846 (19 S. E. 2d 350); *Jones* v. *Williams,* 40 *Ga. App.* 819 (1, 2) (151 S. E. 695).

The defendant contends that the court erred in directing a verdict for the plaintiff because the petition sought a rescission on the ground of fraud, while the evidence showed a rescission by mutual agreement. He contends that the proof showed a different cause of action, and that the petition could not have been amended to allege a rescission by mutual consent. This contention is without merit. The cause of action was for rescission of the contract, and the fact that evidence admitted without objection showed rescission in one manner, while the petition alleged a rescission in another manner, would not vitiate the verdict. If there were more than one ground upon which the plaintiff was entitled to a rescission of the contract she would

be entitled to allege such grounds. The cause of action would be the same and would not amount to affirming the contract on the one hand and seeking to disaffirm it on the other, so as to be proceeding upon two different causes of action in the same petition. In *Walters* v. *Hagan*, 53 *Ga. App.* 547 (186 S. E. 563), a case similar on its facts to the present case, the plaintiff alleged that she was induced to make a conditional-sale contract for the purchase of restaurant equipment by the representations of the defendant that he owned certain of the equipment and that he had been operating the restaurant at a stated monthly profit, which representations were untrue; that, upon discovery of the alleged fraud, she had tendered back to the defendant all the property received in the trade, but he had refused to refund her money. At the trial she offered an amendment to the effect that the contract had been rescinded by the defendant's receiving back the property and retaining it. The trial court disallowed this amendment on the ground that it attempted to set up a new and different cause of action. In holding that it was error to disallow the amendment the Court of Appeals held: "Where, on account of fraudulent representations by a vendor to a vendee, inducing a contract of conditional sale, there is a rescission by mutual consent of the parties, or by prompt action of the vendee in disaffirming the contract and delivering or tendering back the property to the vendor, with a restoration or offer to restore any benefit received under the contract, the vendee likewise is entitled to be restored to his status quo by receiving from the vendor any part of the purchase-price which was paid before discovery of the fraud" (p. 550); and that "it was error to refuse to allow the second amendment to the petition, since this amendment did not state a new cause of action, but merely properly amplified previous averments as to the payment by the vendee of part of the purchase-price and as to her prompt rescission." (P. 552).

The evidence showing without contradiction that there had been a rescission of the contract, the defendant could not rescind, or accept rescission, without restoring to the plaintiff the amount paid under the contract. The defendant being liable to the plaintiff, the court did not err in directing a verdict for the amount of the cash down payment made on the contract and in

declaring the plaintiff's note to be null and void.

*Judgment affirmed. All the Justices concur.*