## 50799. ALLEN HOUSEMOVERS, INC. et al. v. ALLEN.

PANNELL, Presiding Judge.

The plaintiff brought an action in contract, and defendants counterclaimed. A jury trial was held, and a verdict was returned in favor of plaintiff. Defendants appeal the judgment.

The evidence showed that on September 13, 1973, plaintiff and defendants entered into a written contract for the sale of plaintiff housemoving business, equipment, and Georgia Public Service Commission Certificate of Authority. The purchaser was defendant corporation; defendant Hargrove guaranteed payment to the extent of a $5,000 payment due January 15, 1974. The total purchase price was $40,000; an initial payment of $5,000 was to be paid at closing, $5,000 was due January 15, 1974, and $500 per month was due until the balance was paid off. Plaintiff seller agreed to furnish full cooperation in accomplishing the transfer of the certificate of authority to defendant corporation.

Defendant corporation paid the initial $5,000 at closing and the October payment of $500. It continued to utilize the equipment and operate the business until June, 1974, but failed to make any further payments under the contract. Defendant Hargrove testified that no further payments were made because the equipment was defective and because the certificate of authority was not transferred to defendant.

Plaintiff testified that he met with defendant in November, 1973 to work out defendant's complaints concerning defective equipment and to deliver titles to the vehicles as requested by defendant. At the meeting, plaintiff's attorney asked what it would take to get the equipment "back in shape," but defendant said he just

wanted to return the machinery and get his money back. Plaintiff said that he knew defendant was not going to make any more payments on the contract; therefore, he wrote the Public Service Commission and withdrew his application for transfer of the certificate. This action was taken *after* the defendant had missed two $500 monthly payments.

Defendant Hargrove had worked with the allegedly defective equipment for six months prior to his buying it. He knew that the equipment had broken on previous occasions, and that one of the two trucks had a cracked engine block prior to sale. Although his complaint was the failure of the equipment to "do the job," he testified that he had lost no jobs due to the equipment.

Hargrove also testified that a bulldozer, purchased in a separate transaction from plaintiff, was defective. He never drove the bulldozer prior to purchase, and plaintiff made no representations concerning the bulldozer.

Plaintiff's complaint demanded that defendants be required to specifically perform the September 13th agreement, or that judgment be rendered against defendant corporation individually in the amount of $29,500 and against both defendants in the amount of $5,000. He also asked for $23,000 damages. Defendant corporation counterclaimed to recover all amounts paid under the contract, or damages for breach of warranty and breach of contract. Defendant Hargrove counterclaimed to recover damages for breach of warranty relative to the sale of the "defective" bulldozer.

After hearing all of the evidence, the jury returned the following verdict: "We the Jury find in favor of plaintiff and against the defendant, Hargrove, the sum of $3,750.00 without interest. Equipment to go back to plaintiff except Hargrove to keep dozer which he purchased; Allen to keep payments on contract."

1. Error is alleged in the court's overruling of defendant's motions for directed verdict and for judgment notwithstanding the verdict. Defendants contend that plaintiff's action in retaking possession of the certificate of authority constituted a rescission of the contract and put to an end all rights thereunder. "The general proposition is well established that when property has

been sold and delivered to the buyer under a contract of sale, and the buyer has refused or failed to pay the purchase-money due thereon, and the seller thereupon retakes possession of the property and holds it as his own, or disposes of it for his benefit, and does not give the buyer any credit on the debt for its value, the retaking of the property operates as a complete rescission and cancellation of the contract of sale." *Cornett & Co. v. Newsome,* 27 Ga. App. 340, 342 (3) (108 SE. 254). The retaking by the seller of only a portion of the property sold may constitute a rescission of the entire contract. *Sterchi Bros. Co. v. Harris,* 47 Ga. App. 772, 776 (171 SE 457).

"A suit on contract for damages on account of a breach thereof can not be maintained except *by affirmance of its continuing validity. . ." Kelly v. Morris,* 46 Ga. App. 353, 355 (167 SE 716). In *Kelly* the court held that plaintiff's actions showed that he had either repudiated and abandoned the contract, or else he had elected to treat the alleged breach as a rescission. Plaintiff's acts and conduct were inconsistent with any rights under the contract, and he was debarred from any right to sue on the contract.

In the present case, plaintiff caused the certificate of convenience to be transferred back to his name in December, 1973. Plaintiff testified that once he took this action to have the certificate transferred back to his name, he considered the contract to be at an end. By his own admission, plaintiff did not continue to affirm the validity of the contract. Accordingly, he could not maintain an action *on the contract.* It was error for the trial court to fail to direct a verdict for defendant on plaintiff's cause of action based on the contract. The rights of the parties with respect to the disposition of the property lay in equity. *McMillan v. Benfield,* 159 Ga. 457 (126 SE 246).

2. Having decided that plaintiff could not maintain an action on the contract, it is not necessary to decide whether he could claim any instalments due after the date that suit was filed.

3. Appellant alleges error in the overruling of his motion for new trial on the ground that the verdict returned by the jury was inconsistent and repugnant. We have read the entire record and are unable to find any

evidence to support the verdict. Further, appellee's brief has failed to point to any portion of the transcript where evidence, supporting the verdict, may be found. See *Georgia Stainless Steel Corp. v. Bacon,* 120 Ga. App. 239 (170 SE2d 270). Therefore, we agree that the trial court erred in failing to grant defendant's motion for new trial.

4. Defendant testified that he owed no money under the agreement because it had been "nullified." In addition, the evidence showed that defendant abandoned the equipment in June, 1974, in response to plaintiff's request that he park it. The evidence demanded a finding that defendant had rescinded or abandoned the contract. Having rescinded or abandoned the contract, he could not recover for breach of warranty under the contract. See *Sommer v. International Harvester Co.,* 56 Ga. App. 655 (193 SE 476). Accordingly, the trial judge did not err in failing to charge Code § 109A-2—714, concerning recovery for breach of warranty.

5. The remaining enumerations of error are either without merit or are not likely to re-occur upon retrial of the case.

*Judgment reversed and remanded for new trial. Quillian and Clark, JJ., concur.*

ARGUED JUNE 25, 1975 — DECIDED SEPTEMBER 26, 1975.

*Vann & Tyson, William F. Tyson, Jr.,* for appellants.
*William C. Peters, Fallin & Kirbo, Tommy Kirbo,* for appellee.