63961. CORNELL INDUSTRIES, INC. v. COLONIAL BANK.

QUILLIAN, Chief Judge.
This is an appeal from a summary judgment.
Appellant Cornell Industries entered into a written agreement with appellee Colonial Bank to purchase from the Bank a used IBM

Computer. The purchase price was $79,000, with $7,900 paid on the execution of the contract and the balance to be paid prior to the delivery of the computer by the Bank. After a few months Cornell had not yet paid the balance and the Bank wanted the computer moved to storage as it needed the space. To save on moving costs Cornell sent some of its employees to move the computer to storage. In doing so, one of the computer components was dropped and damaged by Cornell's employees. After an unsuccessful attempt to modify the terms of the sales contract, Cornell refused to pay the balance of the purchase price. The Bank thereupon brought this action on the contract and asked for the balance of the purchase price plus the storage costs. The trial court granted the Bank's motion for summary judgment. *Held:*

1. It is contended that the trial court should not have granted summary judgment because there was a disputed issue of fact as to whether the contract had been rescinded by agreement of the parties.

The parties to a contract may rescind it by mutual agreement and rescission of a written contract need not be in writing. *Holloway v. Giddens,* 239 Ga. 195, 197 (236 SE2d 491). "One party to a contract may consent to rescission by the other party either impliedly or by conduct. [Cits.]" *Bradfield v. Gardner,* 150 Ga. App. 49, 50 (256 SE2d 655).

The only evidence to support the claim of rescission is in the deposition and affidavit of Zimmerman, the president of Cornell. He stated that it was his understanding that the contract had been terminated because of a conversation he had with a representative of the Bank that the parties would make another agreement concerning the sale of the computer with different terms than those set out in the contract. Negotiations did in fact take place but no further agreement was reached. The Bank denied by affidavit that there was a rescission of the contract.

The law is clear that rescission requires the mutual assent of the parties, expressly, impliedly or by conduct. However, we find no evidence of any such assent on the part of the Bank. Zimmerman's conclusion that the contract was terminated is not evidence that the Bank agreed to rescind the contract and does not create a disputed issue of fact.

" '[W]hen a motion for summary judgment is made and supported . . . an adverse party . . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.' Code Ann. § 81A-156 (e) (Ga. L. 1966, pp. 609, 660, as amended through 1975, pp. 757, 759). 'Ultimate or conclusory facts and conclusions of law, . . . cannot be utilized on a summary judgment

motion . . .' [Cits.]. Conclusory allegations . . . are insufficient — in the absence of substantiating fact or circumstances, to raise a material issue for trial." *Morton v. Stewart,* 153 Ga. App. 636, 642-43 (266 SE2d 230).

While the evidence does show that the parties orally agreed to negotiate a possible modification of the contract, we find that such an agreement did not constitute a rescission or termination of the original agreement of Cornell to purchase the computer from the Bank.

Accordingly, we affirm the grant of summary judgment to the Bank as to Cornell's liability.

2. When the trial court granted the Bank summary judgment, it also held that Cornell must pay the Bank the remainder of the contract price plus the storage costs without any specification of amount.

In an action for the price of a breached contract for the sale of goods Code Ann. § 109A-2—709 (Ga. L. 1962, pp. 156, 228) is applicable. It provides that the contract price is recoverable "if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing."

The Bank made no effort to resell the computer. One of its officers stated by affidavit that he believed there was no market price for the computer and that it had only scrap value.

Cornell's evidence showed that there was a market for the computer, although not as much as the contract price because of some technological obsolescence. This evidence thus raised a disputed issue of fact as to the amount of damages for breach which precluded summary judgment thereon.

Moreover, while there is some evidence of the amount of storage costs up to April 1981, there is no evidence of any such costs thereafter up to the time of summary judgment on December 3, 1981, although storage continued to that time.

The Bank not having sustained its burden under Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; as amended through Ga. L. 1975, pp. 757, 759) of showing there was no disputed issue as to the material fact of the amount of damages, the trial court erred in granting summary judgment as to damages and that part of the judgment must be reversed.

3. In view of the foregoing the remaining enumeration need not be addressed.

*Judgment affirmed in part; reversed in part. Shulman, P. J., and Carley, J., concur.*

Decided July 6, 1982.

John W. Chambers, Sr., John W. Chambers, Jr., for appellant.
John C. Mayoue, for appellee.