## A90A0112. BROOKS v. BOYKIN.
(392 SE2d 46)

SOGNIER, Judge.

Kenneth Brooks filed suit against Elizabeth Boykin, seeking either to recover damages for breach of a contract for the sale of land or to obtain specific performance of the contract. His appeal from the trial court's order denying his motion for summary judgment and granting Boykin's motion to dismiss was transferred by the Supreme Court to this court.

The record reveals that in August 1988, appellant and appellee

entered into a contract whereby appellee agreed to sell a certain parcel of land in Chatham County described as containing "approximately 11 acres, more or less." When appellant's survey of the parcel established that it was composed of over 18 acres, appellee refused to close the sale on either the scheduled date, September 15, 1987, or the time to which the contract was extended, September 30. On October 1, appellant's counsel notified appellee by letter that appellant remained ready and willing to close the sale at the contract price. However, on November 30, appellee's real estate agent refunded appellant's escrowed earnest money payment, and appellant negotiated the check.

1. We note that although appellee's motion was styled as a motion to dismiss, the record indicates that the trial court considered affidavits and discovery responses outside the original pleadings. Accordingly, appellee's motion must be treated as a motion for summary judgment. OCGA § 9-11-12 (b).

2. While we believe the paramount issue in this case is specific performance of a contract for the sale of land, a category by Constitution reserved to the Supreme Court, Art. VI, Sec. VI, Par. III (2), Const. of Ga., 1983, nevertheless, the Supreme Court's transfer of the appeal "is tantamount to a ruling eliminating and resolving the equitable . . . issues which lie only within the jurisdiction of that court to determine. [Cits.]" *Swicegood v. Heardmont Nursing Home*, 183 Ga. App. 319, 320 (359 SE2d 3) (1987).

3. Appellant maintains the trial court erred by granting appellee's motion because the evidence established the continued existence of a valid and binding contract between the parties which was breached by appellee. We do not agree. " 'A suit on contract for damages on account of a breach thereof can not be maintained except by affirmance of its continuing validity. . . .' [Cit.]" (Emphasis omitted.) *Allen Housemovers v. Allen*, 135 Ga. App. 837, 839 (1) (219 SE2d 489) (1975). If the claimant's actions are inconsistent with his rights under the contract, "he [is] debarred from any right to sue on the contract." Id.

In the case at bar, there is no dispute that the sale was not closed by the contract deadline, and the closing date was not extended beyond September 30, 1988. Nor is there any evidence that appellant made an unconditional tender of the payment due at closing. Instead, he accepted the refund of his earnest money. "Parties may by mutual consent abandon an existing contract between them so as to make it not thereafter binding and the contract may be rescinded by conduct as well as by words. [Cits.]" (Punctuation omitted.) *Holloway v. Giddens*, 239 Ga. 195, 197 (236 SE2d 491) (1977), overruled on other grounds, *Brown v. Frachiseur*, 247 Ga. 463, 465 (277 SE2d 16) (1981). "The circumstances surrounding the sending and cashing of the re-

fund check are adequate to show that both parties intended to walk away from this contract, which was thereby rescinded." Id. at 196-197. Although appellant avers he remained ready and willing to perform his obligations, on summary judgment "[c]onclusory allegations . . . are insufficient — in the absence of substantiating fact or circumstances, to raise a material issue for trial. [Cit.]" (Punctuation omitted.) *Cornell Indus. v. Colonial Bank*, 162 Ga. App. 822, 824 (1) (293 SE2d 370) (1982). Appellant's actions in negotiating the refund check and failing to tender the amount due or otherwise affirm his obligations under the contract belie his averment, and accordingly we find appellee was entitled to summary judgment.

4. Our decision in Division 2 renders moot appellant's enumeration concerning the trial court's denial of his motion for summary judgment.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 13, 1990.

*M. Ross Becton, Jr.*, for appellant.
*Horace L. Cheek, Jr.*, for appellee.