10407. MARTIN, trustee, *v.* TAYLOR *et al.*

JENKINS, P. J. This was a suit by the trustee in bankruptcy of the Macon Coal & Wood Co., a corporation, against Eden Taylor Jr., and Brown B. Taylor, to recover certain personal property purchased by the defendants from the corporation within two months previous to the adjudication of bankruptcy of the corporation. The basis of the plaintiff's contention is that the sale was fraudulent by virtue of the provisions of the bulk-sales law contained in sections 3226 et seq., of the Civil Code (1910). The case was tried by the judge of the superior court of Bibb county, sitting as both judge and jury, under an agreed statement of facts, and he rendered a judgment in favor of the defendants. The suit as brought was for the following property: Eight mules, three two-horse wagons, one coal wagon, several parts of other wagons, eight sets of harness, one iron safe, all other office fixtures, barns, office buildings, scales, machinery, machine sheds, and coal and wood tools and implements that were then (at the time of the sale) on the premises of said company, the good will of said company, the rights of said company in and to a certain lease held by it on certain premises of the Macon, Dublin & Savannah Railway Company, expiring on December 15th, 1917; all the coal on the yard of said company at that time, being one ton; and all the wood on the yard of said company at that time, being six and one quarter cords. The agreed statement of facts contains the following statement: "Negotiations for the sale extended over the period from February 1st to February 12, 1917. An agreement as subsequently consummated was reached on the latter date. It was distinctly agreed that no coal nor wood was included in the sale, and none was to be bought by the defendants. At the time there was no coal nor wood on the premises. During the week ending February 17, 1917, after the terms of sale had been agreed on, a carload of wood came in from a customer. All of that wood was sold by H. C. S. Finlay to the customers and trade of the Macon Coal

& Wood Company, except six and a quarter cords. This remnant was on the yard when the defendants took charge, and they agreed to take the same at $18.75. That purchase was made individually and separately between defendant B. B. Taylor and H. C. S. Finlay, as individuals, and payment was made for the same by the individual check of said B. B. Taylor. The Macon Coal & Wood Company dealt only in coal and wood. On February 19, 1917, it had on hand no stock of merchandise except said remnant of wood. In the course of trade it is often the case that as much as six and even as much as fifteen to twenty cords of wood are sold to one customer at a time. The defendants, since taking over the operation of the business, have frequently sold to one customer upwards of ten cords of wood at a time; as in addition to a retail wood business the Macon Coal & Wood Company and the defendant as purchasers of the same do a wholesale business in the way of supplying bakers, iron foundaries, brick yards, etc."

Held:

1. The provisions of sections 3226 et seq. of the Civil Code (1910) pertaining to the purchase and sale in bulk of any stock of goods, wares, or merchandise, being in derogation of common law, must be strictly construed (Cooney v. Sweat, 133 Ga. 511, 66 S. E. 257, 25 L. R. A. (N. S.) 758); Stovall Co. v. Shepherd Co., 10 Ga. App. 498, 73 S. E. 761); and while the words "goods, wares, or merchandise" are not to be taken in such a restricted sense as to exclude the usual and customary accessories used in connection with a business to which they are appropriate, whenever their transfer is included in the sale of any stock of "goods, wares, or merchandise" in bulk out of the usual or ordinary course of the business or trade of the vendor, so as to include substantially the entire business (Parham v. Potts-Thompson Co., 127 Ga. 303, 56 S. E. 460), still, in order for the provisions of the bulk-sale law to have application, there must be an intent between the parties to substantially effect a sale of a stock of "goods, wares, or merchandise," and where such is not the case, the mere sale of fixtures and accessories alone would not bring the transaction within the scope and purview of the law referred to. For this reason, the court did not err in rendering judgment in favor of the defendants.

2. It being admitted by the parties to this case that under the terms of the sale it was distinctly agreed that no wood or coal was included, the mere fact that pending the negotiations a small remnant of wood amounting to six and one quarter cords unexpectedly came into the hands of the vendor, and that one of the defendants, as an individual, bought and paid for the same with his personal check, would not necessitate a different application of the rule, the trial judge not being compelled to find that such an ordinary purchase was in point of fact a fraudulent scheme or device by which it was sought to circumvent the operation of the statute, it further not appearing that the sale of the accessories was in anywise conditioned or dependent upon such separate and independent purchase of the remnant of wood.

Judgment affirmed. Stephens and Smith, JJ., concur.

DECIDED DECEMBER 16, 1919.

Trover; from Bibb superior court—Judge Mathews.  February 27, 1919.

*John R. L. Smith, Grady C. Harris,* for plaintiff.
*Hall & Grice,* for defendant.