19950. BARFIELD *v.* FARKAS *et al.,* trustees.

JENKINS, P. J. This was a suit on a note for the purchase-price of a mule, in which note it was stated that there had been no contract or agreement between the parties affecting the subject-matter of the sale except as expressed therein, and that the vendor was not to be bound by any sort of warranty, either express or implied. The defendant seeks to rescind the contract of purchase and sale, alleging knowingly false, fraudulent, and material misrepresentations relative to the condition of the mule at the time the sale was made, upon which he acted to his injury. He does not plead that his signing of the note was fraudulently induced by reason of an emergency such as would excuse his failure to read, or by any misleading device perpetrated by the payee in order to induce his signing. He does not in fact deny that he signed the note with knowledge that the provisions mentioned were embodied therein. The court sustained a general demurrer to the answer, and directed a verdict in favor of the plaintiff. *Held:*

1. "Fraud voids all contracts." Civil Code (1910), § 4254. "Fraud may exist from misrepresentation by either party, made with design to deceive, or which does actually deceive the other party; and in the latter case such misrepresentation voids the sale, though the party making it was not aware that his statement was false." Civil Code (1910), § 4113. Fraud ordinarily gives the injured party an option either to

rescind the contract so induced, or, by affirming the same, to claim damages as compensation. *Wright* v. *Zeigler*, 70 *Ga.* 501 (5).

2. There is a distinction to be drawn between a contract induced by fraud, and the mere breach of a warranty. *Johnson* v. *Harley*, 121 *Ga.* 83 (48 S. E. 685); *Barnett* v. *Speir*, 93 *Ga.* 762 (21 S. E. 168); *Fudge* v. *Kelly*, 4 *Ga. App.* 630 (62 S. E. 96). In the former case, title does not pass, and the contract may be rescinded. Civil Code (1910), § 4305. In the latter case title does pass, and the purchaser is relegated to his claim for damages. Civil Code (1910), § 4136. While words descriptive of the subject-matter of a sale are ordinarily to be regarded as warranties (*Henderson Elevator Co.* v. *North Ga. Milling Co.*, 126 *Ga.* 279, 55 S. E. 50), still if such representations are knowingly false, the fact that they take the form of warranties does not relieve the perpetrator from the guilt of actual fraud. *Emlen* v. *Roper*, 133 *Ga.* 726 (66 S. E. 934).

3. "Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument." *Bullard* v. *Brewer*, 118 *Ga.* 918 (45 S. E. 711). What constitutes the terms of a contract is, however, one thing, and whether or not false and fraudulent representations may have induced the making of it is another and different thing.

4. Since fraud such as will afford relief against a contract must have been acted upon by the complaining party to his injury, it follows that where the agreement has been reduced to writing and the writing stipulates that it contains the entire agreement, and that the seller is not to be bound by any sort of warranty, either express or implied, the defendant in a suit on such a purchase-money note will not be permitted, while affirming the contract, to plead damages by way of failure of consideration by showing that the seller had made false and fraudulent representations with reference to the subject-matter of the sale, unless he goes further and shows that he had been fraudulently induced and deceived into signing the note under a misapprehension as to its contents. *Purser* v. *Rountree*, 142 *Ga.* 836 (83 S. E. 958); *Holt & Duggan Co.* v. *Clary*, 146 *Ga.* 46 (90 S. E. 381); *Harrell* v. *Holman*, 21 *Ga. App.* 159 (93 S. E. 1018).

5. But the fact that a purchaser affirming a contract of purchase and sale is not able, under such express terms of the agreement, to plead failure of consideration, presents a different proposition to that of his being able to rescind the entire contract on the ground that it had been induced by actual fraud. "Those who commit actual fraud can not protect themselves against answering therefor by any form of warranty or any limitations which they may introduce in the terms of the warranty." *Beasley* v. *Huyett & Smith Mfg. Co.*, 92 *Ga.* 273, 279 (18 S. E. 420); *Harris* v. *Mullins*, 32 *Ga.* 704 (79 Am. D. 320). In *Widincamp* v. *Patterson*, 33 *Ga. App.* 483 (127 S. E. 158), the court did not hold that a contract of purchase and sale induced by actual fraud was not

subject to rescission, but assumed, for the purpose of the decision, under the peculiar facts of that case, that it was thus subject, although under the contract in that case the seller was not only relieved from all warranties, express or implied, but in the written agreement it was further stipulated that there had been no statements, not included in the note, which should be binding upon the vendor. The court held that the effort to rescind was ineffectual, as not complying with the law governing rescission, and that the maker was bound by the statement in the note excluding all warranties and representations, unless he proceeded to show that he had been induced actually to sign the note by reason of the perpetration of some fraud or device such as would excuse his lack of knowledge as to its contents.

6. The defendant in this case not having sought, while affirming the contract, to set up damages by way of failure of consideration, but having repudiated the contract and having sought to rescind it on the ground of actual fraud, consisting of alleged material false and fraudulent misrepresentations which induced him to enter into the agreement, his defense was not subject to demurrer, and the court erred in striking the defendant's plea, and in thereafter directing a verdict for the plaintiff. *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 14, 1929.

*Passmore, Forehand & Ford,* for plaintiff in error.
*Leonard Farkas, Perry & Tipton,* contra.