### 22808. DUNN *v.* CITIZENS AND SOUTHERN COMPANY.

STEPHENS, J. 1. One who has been fraudulently induced to purchase property may, after discovering the fraud, affirm the contract and sue for damage resulting from the fraud, or he may rescind the contract for fraud and, after offering to restore, recover the purchase-price paid by him. *Tuttle* v. *Stovall,* 134 *Ga.* 325 (67 S. E. 806, 20 Ann. Cas. 168). In the former case it should appear from the petition to what extent the plaintiff has been damaged as a result of the fraud, and in the latter it must appear that he repudiated the contract for fraud and offered to rescind promptly after the discovery of the fraud. Civil Code (1910), § 4305; *Gibson* v. *Alford,* 161 *Ga.* 672 (5) (132 S. E. 442).

2. Where the plaintiff alleges that by certain false and fraudulent statements and representations of the defendant, she was induced to purchase two bonds issued by a corporation, but where the only allegations as to any impairment in the value of the bonds or damage to the plaintiff as a result of the alleged fraud, or as to any rescission of the contract by the plaintiff on account of fraud and offer to restore, consist in averments that, about one year after she purchased the bonds, she discovered that they were "practically worthless," and she thereupon "offered to deliver back" the bonds to the defendant "or to exchange them for other bonds of the value which these [bonds] had been represented to be at the time of the purchase" and that the defendant declined to "repurchase" the bonds "as he had agreed to do in the event petitioner desired to sell them at a later date," which agreement had been made as an inducement to the plaintiff to purchase the bonds, the petition fails to allege any impairment in the value of the bonds and that they became worthless as a result of the alleged fraud rather than of conditions arising after the sale and dissociated with matters about which the alleged misrepresentations were made; and in alleging that the plaintiff, on discovering that the bonds were practically worthless, offered to deliver them back to the defendant, or to exchange them for other bonds, and that the defendant declined "to repurchase" the bonds "as he had agreed to do," the petition does not allege a rescission of the contract on the ground of fraud promptly after its discovery by the plaintiff or an offer to restore to the defendant the consideration of the contract, which consisted in the bonds, but alleges rather an affirmance and reliance upon the contract of sale by an offer to exchange the bonds for other bonds in accordance with the terms of the contract of purchase. The petition therefore failed to set out a cause of action, and was properly dismissed on general demurrer.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 21, 1933.

*T. F. Bowden, Hewlett & Dennis,* for plaintiff.
*Alston, Alston, Foster & Moise,* for defendant.