SCHOFIELD *v.* BURNS; *et vice versa.*

Nos. 9673, 9674.   JANUARY 9, 1934.

*Nottingham & Nottingham* and *E. W. Maynard,* for plaintiff.
*Hall & Bloch* and *Ellsworth Hall Jr.,* for defendant.

GILBERT, J.   J. S. Schofield brought an equitable petition against H. K. Burns, seeking to impress with a trust certain shares of stock in J. S. Schofield's Sons Company, a corporation, for the benefit of petitioner, if defendant "should have possession, custody, or control of the same;" praying, "in the event Burns had parted with such possession, custody, and control thereof, that petitioner recover the full market value thereof;" and for general relief. The petitioner alleged that he and his two sons were induced, by fraud of the defendant, to transfer and assign to him a total of 596 shares of the capital stock of the corporation for a nominal consideration of $4 for the entire amount of the stock; that the shares so transferred belonged, 506 shares to J. S. Schofield Sr., 20 shares each to J. S. Schofield Jr. and Carl H. Schofield, and 50 shares in the treasury of the corporation; that the shares so transferred, together with 50 shares already owned by the defendant, gave him a total of 646 shares, a majority of the outstanding capital stock; that the par value of the stock at the

time was $250 per share; and that the defendant, contrary to agreement, actually sold 626 shares for $25 per share. The petition set out the manner of and purpose for which Schofield had caused the stock to be transferred to Burns, the agreement of Burns to return the stock in stated circumstances, and the failure of Burns to return the stock when the agreed conditions had become existing; that the stock had been acquired by Burns by a series of acts and doings which were fraudulent; and that Burns from the beginning had never intended to perform his part of the agreement, all of which constituted a fraud on petitioner, his sons J. S. Jr., and Carl, and the company. The petition sets out a lengthy recital of negotiations and agreements, all looking to supply of funds by Burns to successfully finance the business of the corporation, including the taking and receiving of usurious interest by Burns under a subterfuge; the breach of certain agreements, and total and final failure of Burns to successfully finance the corporation; and that defendant's schemes and devices to evade the usury laws and his schemes and plans to obtain control of the company and his sale of his said stock to McAlister and Adams was a continuous transaction to the injury and damage of petitioner.

An amendment amplifying the allegations of the petition was allowed over objection of Burns. Burns filed demurrers, general and special, and the court rendered the following judgment: "The within general demurrer having been renewed to the petition as amended, and a general demurrer to the petition as amended having been filed, it is, after arguments thereon, ordered that said general demurrers be and they are hereby sustained on the ground that the complainant is not entitled to the relief sought under the allegations of the petition, and on the further ground that all necessary and indispensable parties are not made parties to the action. Plaintiff shall have ten days within which to amend by making John S. Schofield Jr. and Carl H. Schofield parties to the action, in which event the demurrers shall stand sustained on the ground that under the allegations of the petition as amended plaintiff is not entitled to the relief sought." Schofield excepted to that judgment. Burns, in a cross-bill, excepted to the allowance of the amendment, and to the judgment as construed by him to be in "effect" a judgment overruling the special demurrers, contending

that "the effect of the ruling of the court in sustaining the general demurrers to plaintiff's petition, without passing on the special demurrers, was to overrule the special demurrer."

■ Properly construed, the petition prays for a rescission of the contract on the ground of fraud, and, (a) if the stock sought to be recovered is still in the possession, custody, and control of the defendant, that the same be decreed to be impressed with an implied trust in favor of petitioner; and, (b) if the defendant is not in the possession, custody, and control, that petitioner recover the market value of the stock, alleged to be $250 per share. The petition is not subject to general demurrer on the ground that it seeks to engraft by parol an implied trust on a contract in writing which purports to be complete within itself. The petitioner seeks to set aside the written contract in its entirety.

■ Fraud voids all contracts. Civil Code (1910), § 4254; *Cohron* v. *Woodland Hills Co.*, 164 *Ga.* 581, 586 (139 S. E. 56); *Equitable Building & Loan Asso.* v. *Brady*, 171 *Ga.* 576, 583 (156 S. E. 222); and see a well-considered statement of the question involved by Presiding Judge Jenkins in *Barfield* v. *Farkas*, 40 *Ga. App.* 559 (150 S. E. 600). As against the general demurrer, the petition set out a cause of action in behalf of J. S. Schofield Sr., for a rescission of the contract on the ground that it was induced by fraud. Without amendment making J. S. Schofield Jr. and Carl H. Schofield parties, no recovery can be had for stock owned by them and transferred to the defendant.

■ The judgment of the court sustained the general demurrer to the petition, reciting: "ordered that said general demurrers be and they are hereby sustained on the ground that the complainant is not entitled to the relief sought under the allegations of the petition, and on the further ground that all necessary and indispensable parties are not made parties to the action," and then the judgment further provided: "Plaintiff shall have ten days within which to amend by making John S. Schofield Jr. and Carl H. Schofield parties to the action, in which event the demurrers shall stand sustained on the ground that under the allegations of the petition as amended plaintiff is not entitled to the relief sought." Properly construed, the judgment sustains the general demurrer, with or without amendment as to parties. It expressly provides that even if the petition is amended the de-

murrer is sustained on the ground that under the allegations of the petition as amended the plaintiff is not entitled to the relief sought.

■ The court did not err in allowing the amendment to the petition, over objection of the defendants, complaint of which is made by assignment of error in the cross-bill of exceptions.

■ The court did not rule on any of the special demurrers, except that ground complaining that named persons who were necessary had not been made parties. Since the trial judge did not rule on special demurrers as contended in the cross-bill of exceptions, no rulings can be made by this court as to whether the petition was subject to such demurrers or not.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except Hill, J., absent because of illness.*