### 23976. Dove v. Roberts & Company.

Jenkins, P. J. This case is controlled by the ruling of this court in *Barfield* v. *Farkas*, 40 *Ga. App.* 559 (2, 5) (150 S. E. 600). There is a distinction to be drawn between a contract induced by fraud, and the mere breach of a warranty. In the former case title does not pass, and the contract may be rescinded. In the latter case title does pass, and the purchaser is relegated to his claim for damages. No form of or limitation in a warranty will protect a party from a rescission of a contract on the ground that it was induced by actual fraud. *Schofield* v. *Burns*, 178 *Ga.* 186 (172 S. E. 569, 570); *Beasley* v. *Huyett & Smith Mfg. Co.*, 92 *Ga.* 273, 279 (18 S. E. 420); *Barnett* v. *Speir*, 93 *Ga.* 762 (21 S. E. 168); *Newman* v. *Claflin Co.*, 107 *Ga.* 89, 91 (32 S. E. 943); *Johnson* v. *Harley*, 121 *Ga.* 83 (48 S. E. 685); *Fudge* v. *Kelly*, 4 *Ga. App.* 630 (62 S. E. 96); *Colson* v. *Ellis*, 40 *Ga. App.* 768 (9, 10) (151 S. E. 654); *Morton* v. *Tharpe*, 41 *Ga. App.* 788 (154 S. E. 716); *Keating* v. *Woods Co.*, 42 *Ga. App.* 63 (2), 70 (155 S. E. 206); *Howard Inc.* v. *Nalley*, 44 *Ga. App.* 311 (161 S. E. 380). Under these rulings, where a party executed a note and mortgage for the purchase-price of a mule, he was not precluded from setting up actual fraud as a defense against the mortgage foreclosure, in that at the time of the purchase the animal was suffering from a deadly malady, known to the seller, and unknown to the purchaser, from which it soon died, that the seller represented that the animal was sound and there was nothing wrong with it except a *"little shipping cold,"* and that the purchaser relied upon such representation and rescinded the contract immediately upon ascertaining the serious condition of the mule; notwithstanding provisions in the note that "there is no warranty to said property either express or implied, and vendors only warrant the title to same," and that "if said property . . be lost by death . . before payment in full of the purchase-money, the vendee or vendees herein shall in no event be entitled to a rescission of the contract or to an abatement in the price." The first provision has no reference to fraudulent misrepresentations. The latter provision will be construed as relating to death from some cause dissociated with that involved in the alleged misrepresentation. One of the plaintiff sellers having admitted in his testimony that he told the defendant purchaser that the mule was "as sound as a dollar, that there was nothing the matter with it except a little shipping cold," other witnesses having testified without dispute that a week before the sale they, in the presence of this seller, saw the mule "standing in the pen with its head down nearly to the ground, drooping around," and other evidence authorizing although not necessarily demanding a finding that the mule, with the knowledge of the sellers, at the time of the sale had a fatal sickness, from which it died immediately after the defendant's rescission of the contract upon discovery of its condition, it was error to direct a verdict for the plaintiff on the ground that the contract provisions precluded the defendant from making the defense stated.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

Decided January 7, 1935.

322

*C. A. Christian,* for plaintiff in error. *H. W. Nelson,* contra.