## 24570. NALLEY & COMPANY v. MOORE et al.

JENKINS, P. J. 1. In a petition for certiorari from a final judgment in the city court of Buford to the superior court of the county, error may be assigned by a defendant on the overruling of a general demurrer to the petition and the denial of a motion to dismiss for alleged failure to show jurisdiction, without the necessity of exceptions pendente lite to such preliminary rulings. Certiorari does not lie until "after the final determination of the case in which the error is alleged to have been committed" (Code of 1933, § 19-209), even though a previous ruling upon demurrer or motion may involve "the question of jurisdiction to entertain the case." *Everidge* v. *Berrys*, 93 *Ga.* 760 (20 S. E. 644); *Johnson* v. *Barrett*, 26 *Ga. App.* 781 (107 S. E. 168). Where a writ of error is brought to this court after a final judgment, and more than the statutory time for such writ has elapsed after a previous decision on demurrer or motion, rights of exception thereto must be preserved by timely exceptions pendente lite; but under the statute establishing the city court of Buford, such exceptions are neither necessary nor appropriate where the final judgment and preliminary rulings of the court are reviewed by certiorari. Code of 1933, §§ 6-701, 6-902, 6-905, 6-1305; *Paxton* v. *Berrien County*, 117 *Ga.* 891, 892 (45 S. E. 266); *Walker* v. *Cliff Drug Co.*, 23 *Ga. App.* 722 (99 S. E. 392).

2. A petition that does not show the essential facts necessary to give the court jurisdiction is subject to general demurrer. *Atlanta Accident Asso.* v. *Bragg*, 102 *Ga.* 748, 750 (29 S. E. 706). The caption or title of a pleading is the heading or introductory clause showing the names of the parties, the name of the court, the county where the action is brought, and usually the term of the court and the number of the case on the docket or calendar. But the introductory paragraph in the body of the petition itself is not a part of the caption or title. See 1 Bouvier's Law Dictionary (Rawle's 3d Rev.), 794. Whether or not, therefore, a "caption" is to be deemed part of a petition, in the absence of an express reference thereto in the body of the pleading, so that a statement of jurisdiction or venue in the caption alone would be sufficient to withstand a general demurrer (see *St. Louis Lightning Rod Co.* v. *Johnson*, 18 *Ga. App.* 190-192, 89 S. E. 169; Jackson v. Ashton, 8 Peters, 148 (8 L. ed. 898); 49 C. J. 116, 130, 131; Black's Law Dic.), need not be determined in the instant case, since the essential allegations of juris-

diction sufficiently appear in the body of the petition, and the contention that these allegations appear only in the "caption" is not supported by the pleading.

3. "Fraud renders contracts voidable at the election of the injured party." Code of 1933, § 20-502. It "ordinarily gives the injured party an option either to rescind the contract so induced, or, by affirming the same, to claim damages as compensation." *Barfield* v. *Farkas*, 40 *Ga. App.* 559 (2) (150 S. E. 600). "There is a distinction to be drawn between a contract induced by fraud, and the mere breach of a warranty. In the former case, title does not pass, and the contract may be rescinded. In the latter case, title does pass, and the purchaser is relegated to his claim for damages. No form of or limitation in a warranty will protect a party from a rescission of a contract on the ground that it was induced by actual fraud." *Dove* v. *Roberts*, 50 *Ga. App.* 321 (178 S. E. 169), and cit. In a suit by purchasers of an automobile for the recovery from the seller of damages sustained from alleged false and fraudulent representations by the seller's agent as to the mechanical condition of the car, the testimony of the plaintiffs as to such actual fraud inducing the contract was admissible; and a verdict in their favor under this evidence, although controverted, was authorized, although the conditional-sale contract contained the provisions: "The seller expressly warrants title to said property, no other warranty being made by the seller, the purchaser agreeing that all manner of inducement and understanding and agreements and representations have been merged in this contract. Buyer agrees that there are no representations, warranties, or agreements touching this contract not contained therein." See *Summerour* v. *Pappa*, 119 *Ga.* 1 (5), 6 (45 S. E. 713); *Schofield* v. *Burns*, 178 *Ga.* 186 (2), 188 (172 S. E. 569); *Dunn* v. *Citizens & Southern Co.*, 47 *Ga. App.* 600 (171 S. E. 170); *Edge* v. *Alertox Inc.*, 47 *Ga. App.* 598 (2-4) (171 S. E. 181); *Snellgrove* v. *Dingelhoef*, 25 *Ga. App.* 334 (103 S. E. 418); *Dove* v. *Roberts*, and *Barfield* v. *Farkas*, supra.

4. Under the preceding rulings, the superior court did not err in overruling the defendant's petition for certiorari.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JULY 26, 1935. REHEARING DENIED SEPTEMBER 6, 1935.

*Boyd Sloan, Sam S. Harben,* for plaintiffs in error.
*A. G. Liles, W. L. Nix,* contra.

## ON MOTION FOR REHEARING.

JENKINS, P. J. The motion for rehearing presents no contention not already fully considered, except the question whether the petition alleged venue of the trial city court over the defendant corporation sufficiently to withstand the general demurrer. This was dealt with in paragraph 2 of the original syllabus, where it was held that "the essential allegations of jurisdiction sufficiently appear in the body of the petition, and the contention that these al-

legations appear only in the 'caption' is not supported by the pleading."

In the original brief of the plaintiff in error (defendant in the court below) it was stated: "The suit stated in the caption or preamble that C. V. Nalley & Company was a corporation, having its principal office in Hall County, Georgia, but no such allegation in a numbered paragraph was made;" and *"the petition stated in the caption, and before paragraph one of the petition, facts giving the court jurisdiction."* It was then stated: "Therefore, *if this statement in the caption can be treated as an allegation of the petition, then it was not subject to the demurrer*—contra, if it was not an allegation of the petition, then the demurrer should have been sustained." This was the jurisdictional contention made in the original brief. The motion for rehearing, however, makes the new and additional contention that the following averments of the petition are repugnant to each other, and negative the jurisdiction of the trial court: "The petition of Dr. and Mrs. W. F. Moore, complaining against C. V. Nalley & Company, a corporation organized and existing under the laws of the State of Georgia, with their principal office and place of business in the City of Gainesville, Georgia, shows to the court the following facts: . . Defendant has an office and place of doing business in the City of Buford, 550th District G. M. of Gwinnett County, and for the purpose of this suit is therefore subject to the jurisdiction of the court."

The petition set forth an action in tort for damages resulting from alleged fraudulent representations by an agent of the defendant, who represented it in making the sale contract for the automobile in question. In the 5th paragraph it was alleged that the defendant by and through this agent *"then and there"* made the representations. There was a preceding averment fixing the date of the contract. As to the place of the transaction, the last averment preceding the words "then and there" was the above-quoted language of paragraph 1 that the defendant had an office and place of doing business in the stated militia district, city of Buford, Gwinnett County, within the territorial jurisdiction of the trial court. It was also conceded in the statement of facts made in the original brief of plaintiff in error that "the sale was made and the contract executed by and through the Gwinnett County agent and in Gwinnett County." Movant, however, now contends that, un-

der article 6, section 16, paragraph 6, of the constitution, all civil cases, except those specifically provided in preceding paragraphs, "shall be tried in the county where the defendant resides;" that torts are not excepted; and that, under the decisions in *Central Bank of Ga.* v. *Gibson*, 11 *Ga.* 453, *Northern Contracting Co.* v. *Maddox*, 144 *Ga.* 686 (87 S. E. 892), and *English* v. *Central of Ga. Ry. Co.*, 7 *Ga. App.* 264 (66 S. E. 969), and cases therein cited, the constitutional requirement that civil cases be tried in the county where the defendant resides applies to artificial as well as natural persons; so that the averments of the petition failed to show jurisdiction. Notwithstanding the general rule that a domestic corporation is deemed to reside where its principal office or place of business is situated, it has been held that the legislature may fix the residences of domestic corporations in counties where they establish agencies and places of business; and that since the legislature, in addition to similar legislation affecting particular kinds of corporations, has provided that "suits for damages, because of torts, wrong or injury done, may be brought in the county where the cause of action originated" against "any corporation . . chartered by authority of this State," and that service "may be effected by leaving a copy of the writ with the agent of the defendant, or, if there be no agent in the county, then at the agency or place of business" (Ga. L. 1884-5, p. 99, Code of 1933, § 22-1102), a domestic corporation may be sued in tort "in the county where the cause of action originated, provided the defendant has an agent, agency, or place of business in such county." *Tuggle* v. *Enterprise Lumber Co.*, 123 *Ga.* 480, 482 (51 S. E. 433); *Citizens & Southern Bank* v. *Taggart*, 164 *Ga.* 351, 356-358 (138 S. E. 898); *Davis* v. *Central R. Co.*, 17 *Ga.* 323; *Padrick* v. *Kiser Co.*, 33 *Ga. App.* 15, 18 (124 S. E. 901). Under these decisions, the question now raised by the motion for rehearing is whether the petition sufficiently alleged that the defendant had an office and place of doing business within the territorial jurisdiction of the city court of Buford, and that the tort was committed within such jurisdiction.

It is the general rule that the words "then and there" refer to the time and place last specified, unless some phrase is used in connection therewith which shows that a different reference was intended. *Voegrin* v. American Steel & Wire Co., 263 Ill. 474, 477 (105 N. E. 332); Commonwealth v. McKenney, 80 Mass. (14

Gray), 1, 2; State *v.* Cotton, 24 N. H. 143. While the introductory paragraph of the petition stated that the defendant corporation had its *principal* office and place of business in a city in another county, the body of the petition expressly alleged that it had "*an* office and place of business in the City of Buford" within the territorial jurisdiction of the court. There is no repugnancy in these averments. The allegation as to an office and place of business within the jurisdiction is the last reference to place preceding the allegation "then and *there,*" stating where the alleged fraudulent representations were made and the alleged tort was committed. There is no other averment of place in the body of the petition preceding the words "then and there," and it is manifest that they relate solely to the alleged location of the office and place of business in the militia district of Gwinnett County over which the court had jurisdiction. See *Bowman* v. *Davis,* 51 *Ga. App.* 478(4) (180 S. E. 917). The petition itself therefore sufficiently stated the venue as against the general demurrer, irrespective of any legal question as to the "caption," and the court did not err in overruling the general demurrer. Paragraph 2 of the original syllabus has been slightly modified to accord with the ruling now made on the motion for rehearing.      *Rehearing denied.*