25438, 25442. WALTERS *v.* HAGAN, *and vice versa.*

548

*G. N. Bynum,* for plaintiff. *Hendrix & Buchanan,* for defendant.

JENKINS, P. J. Mrs. Walters, the vendee under a conditional-sale contract, sued Hagan, the vendor, for $2500, on account of alleged fraudulent representations, made through an agent, inducing her purchase of restaurant equipment as described in the contract. To the contract was attached an affidavit by the vendor, stating that he was the sole owner of the properties, owed no debts therefor, and had a legal right to sell. The original petition, containing these averments, also alleged that the plaintiff relied on another representation that the vendor had been using the equipment in operating a restaurant at the place where it was then located, and had realized net profits of $300 to $400 a month from such operation during the previous year or longer. It was further stated that all of these representations were untrue; that about the middle of May, 1934, the plaintiff was informed that the stools and silver napkin-holders, all included in the bill of sale, had not been paid for and did not belong to the defendant, as he later admitted; that he took the properties back about June 9, 1934; that he injured and damaged the plaintiff in the amount of the consideration paid, $600 cash and $151.50 during March and April, 1934, and also in the amount of loss (between $300 and $400 a month) which the plaintiff sustained in operating the restaurant from February 9, 1934, the date of purchase, to June 9, 1934. In an amendment, allowed without objection, it was alleged that in buying the personal property, and in leasing the place of business from the owner, a third person, the plaintiff relied on the defendant's representations that all debts on the properties had been paid and there were no creditors, and that the defendant had ·been operating the business at the stated monthly profit; whereas (as the plaintiff did not discover until the latter part of May, 1934) the stools, napkin-rings, and cash-register had not

been paid for and were not owned by the defendant, and the business had not been operated by him at the profit stated, but had been previously sold to a number of persons, who turned it back to defendant; that when plaintiff discovered that these representations were false and fraudulent, "she promptly took the matter up with defendant . . and tendered him back all the property and effects that she had received from defendant in said trade, who accepted and took the same back, but defendant failed and refused to repay plaintiff any of the money that she paid him on the purchase-price of said property, or to pay her any other sum;" that said property "was in as good a condition as it was when she received the same when returned to the defendant, and that the rental value of the same during the time that she had it was not worth anything for the use thereof." The cash receipts and expenditures in her operation of the business, showing a total loss of $1348.59, were elaborated in detail. After allowing this amendment, the court overruled a general demurrer and certain of the grounds of special demurrer confined to the original petition, but sustained other grounds of the special demurrer, with ten days leave to amend. At the trial the plaintiff offered a further amendment, striking the name of the agent making the representations, who in the original petition had been joined as a defendant with the vendors, and alleging that the contract had been completely rescinded about June, 1934, by defendant's receiving back the entire property and retaining possession since that time; and that plaintiff had paid $751.50 on the purchase-price before the rescission. She prayed judgment for this amount and interest from June 9, 1934, together with any additional amounts to which she might be entitled under the pleadings and the evidence. This amendment was disallowed, on objections that it attempted to set up a new and different cause of action, and had not been filed within ten days from January 16, 1935. On motion the court then dismissed the entire petition. The plaintiff excepted, assigning error on the dismissal of the entire petition, on the disallowance of her last amendment, and on exceptions pendente lite to that part of the first order which sustained certain grounds of the special demurrer. In a cross-bill of exceptions the defendant assigned error on his exceptions pendente lite to the part of the first order which overruled certain grounds of the special demurrer.

550

■ "Where a vendee is induced to enter into a contract for the sale of personalty by the fraud of the vendor, when the former discovers the fraud he has an election of remedies. One of such remedies is to rescind the contract, and another is to affirm the contract and sue for damages for the fraud. . . In order to exercise the right of rescission of a contract for fraud, the defrauded party must act promptly upon the discovery of the fraud, and must restore or offer to the other party whatever the former has received by virtue of the contract, if it is of any value." *Tuttle* v. *Stovall,* 134 *Ga.* 325, 328 (67 S. E. 806, 20 Ann. Cas. 168), and cit.; *Woodruff* v. *Cooper,* 180 *Ga.* 476 (179 S. E. 104); *Schofield* v. *Burns,* 178 *Ga.* 186, 188 (172 S. E. 569); *Gibson* v. *Alford,* 161 *Ga.* 672 (5) (132 S. E. 442); *Fowler* v. *Britt-Carson Shoe Co.,* 137 *Ga.* 40, 42 (72 S. E. 407); *Dunn* v. *Citizens & Southern Co.,* 47 *Ga. App.* 600 (171 S. E. 170); *Dove* v. *Roberts,* 50 *Ga. App.* 321 (178 S. E. 169); *Barfield* v. *Farkas,* 40 *Ga. App.* 559 (150 S. E. 600): Code, § 20-906. Where, on account of fraudulent representations by a vendor to a vendee, inducing a contract of conditional sale, there is a rescission by mutual consent of the parties, or by prompt action of the vendee in disaffirming the contract and delivering or tendering back the property to the vendor, with a restoration or offer to restore any benefit received under the contract, the vendee likewise is entitled to be restored to his status quo by receiving from the vendor any part of the purchase-price which was paid before discovery of the fraud. *Stephens* v. *Bond,* 155 *Ga.* 20, 22 (115 S. E. 913); *Sterchi Co.* v. *Harris,* 47 *Ga. App.* 772 (171 S. E. 457); *Pitts Shoe Co.* v. *Stein,* 25 *Ga. App.* 162 (103 S. E. 415); *Poland Laundry Co.* v. *Pyle,* 50 *Ga. App.* 453 (2) (178 S. E. 474). Thus, in this case, the vendee would be entitled to rescind the contract of conditional sale for the purchase of the restaurant fixtures or equipment and to recover any paid portion of the purchase-price, if the vendee acted upon the alleged false and fraudulent material representation of the vendor, through his authorized agent, that the vendor owned the properties without any lien or debt thereon, or upon the alleged misrepresentation that the vendor during the preceding year had been using the equipment at a stated substantial monthly profit in conducting a restaurant business at the place where the properties were located, which representation induced the purchase of the

properties and the leasing of the place of business from the third person who owned it, and if the contract was properly rescinded, with a restoration or offer of restoration of the properties to the vendor, as stated.

■ The vendee would be permitted to show the falsity of any oral statement of fact by the vendor as to past or existing conditions in the use of the equipment to conduct a profitable business at the place where it was located, if such a misstatement was material in inducing the vendee to buy the equipment. But the vendee could not show that she relied on any such oral misstatement as a warranty or promise by the vendor that the vendee herself would be able to realize a like profit, and would not sustain a loss, in continuing the business. Any damages from a failure to realize such profits or from a loss would be entirely too remote and speculative for recovery. They could not be deemed as having been in the contemplation of the parties as naturally flowing or resulting from the vendor's alleged statement of past experience. See *Coca-Cola Bottling Co.* v. *Anderson,* 13 *Ga. App.* 772, 774 (80 S. E. 32); *Walker* v. *Story,* 14 *Ga. App.* 803 (82 S. E. 355); *Smalls* v. *Brennan,* 14 *Ga. App.* 84 (80 S. E. 339).

■ The fact that the bulk-sales statute, requiring the execution by the vendor of an affidavit as to his creditors and indebtedness (Code, § 28-203), has no application to fixtures such as the restaurant equipment here involved, since they are not goods, wares, and merchandise, within the terms of the law (*Martin* v. *Taylor,* 24 *Ga. App.* 599, 101 S. E. 690), would not preclude the vendee from relying on any false material representations as to his liens or debts, made by the vendor in such an affidavit, which was furnished to the vendee in the sale of the fixtures. While the penalties of the bulk-sales law could not have been invoked, the effect of any such misrepresentations in the affidavit would be the same as if they had been made to the vendee in any other manner.

■ Under the foregoing principles, the original petition, taken with the first amendment (which was allowed without any objection or demurrer) stated a cause of action in tort, under the alleged fraudulent representations and the rescission, as stated, for the recovery of $751.50 paid on the purchase-price before discovery of the alleged fraud and the rescission. However, the petition failed to state any cause of action for recovery of the lost profits

or the losses claimed from the vendee's conduct of the business with the purchased equipment. Accordingly, upon the bill of exceptions of the vendee (the plaintiff) it was error to dismiss the petition as first amended, after the previous overruling of the general demurrer to the amended petition; and it was error to refuse to allow the second amendment to the petition, since this amendment did not state a new cause of action, but merely properly amplified previous averments as to the payment by the vendee of part of the purchase-price and as to her prompt rescission, and the amendment properly struck as a party the name of the agent of the vendor who had been jointly sued with the vendor, and properly added a prayer for recovery of the paid portion of the purchase-price. It was also error, on the exceptions pendente lite of the plaintiff to the previous judgment on the demurrers, to sustain grounds 5, 6, 7, 9, 10, and 12 of the special demurrer to the specified paragraphs of the petition, which, as first amended without objection, properly and sufficiently set forth a cause of action for recovery of the alleged paid part of the purchase-price. However, the court properly sustained special grounds part of 2, 3-b, and 8, all of which attacked the averments seeking to recover damages on account of lost profits and losses in the conduct of the business. This portion of the judgment on the demurrers is affirmed. Upon the cross-bill of exceptions, no error appears in that part of the judgment which first overruled the general demurrer and grounds 3-a, 3-c, 4, and 11 of the special demurrer, all of which covered (as indicated in the statement of facts and the preceding rulings) pertinent allegations of damages, recoverable if sustained by evidence.

*Judgment affirmed in part and reversed in part on the main bill of exceptions; affirmed on the cross-bill of exceptions. Stephens and Sutton, JJ., concur.*