25321.  SUMNER *v.* GENERAL MOTORS ACCEPTANCE CORPORATION.

JENKINS, P. J.  "Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument." *Bullard* v. *Brewer,* 118 *Ga.* 918 (45 S. E. 711). Accordingly, in the instant foreclosure suit against the purchaser on a contract for the conditional sale of an automobile, which provided that "no warranties, express or implied, representations, promises, or statements have been made by seller unless endorsed hereon in writing," the purchaser was not entitled to set up an alleged contemporaneous parol agreement by the seller "to fix the back end of the car and make it in runable condition," and to claim damages for a failure to do so, where no such promise or undertaking was in the written contract but was in fact excluded by its terms, and where no fraud, accident, or mistake was charged, whereby the omission of such promise was induced or procured. *Hoffman* v. *Franklin Motor-Car Co.,* 32 *Ga. App.* 229 (3, 4) (122 S. E. 896). Nor was a valid defense alleged in the amendment to such plea, setting up that the promise by the seller was "repeated after the signing of the said paper foreclosed; the back end of said car went bad, and the defendant took the said car back immediately after it was purchased, the next day or near to said time, and demanded his note, demanded a rescission of said contract of purchase; . . whereupon the [seller and the plaintiff assignee] both agreed to make good the back end of said car, which was entirely worthless and of no use and service to the defendant; and acting on the said promises the said defendant took the car back home, had the same repaired at a cost of $50, and the said $50 is due him by the said plaintiff." While false and fraudulent representations as to an existing fact pertaining to the subject-matter of the sale, such as induced the signing of the contract, would have given the purchaser the right to *rescind* (*Schofield* v. *Burns,* 178 *Ga.* 186 (2), 188, 172 S. E. 569; *Barfield* v. *Farkas,* 40 *Ga. App.* 559, 150 S. E. 600, and cit.), since the mere breach of an alleged oral promise as to future repairs, contradicting the terms of the written

agreement, would not constitute fraud, and was not alleged as such, the amendment did not set forth any facts such as gave to the purchaser a right to rescind; and consequently the alleged offer to rescind did not afford a consideration for the alleged subsequent promise to repair. The amendment wholly failed to show. any valuable consideration for such alleged subsequent promise. *Cody* v. *Automobile Financing Inc.*, 37 *Ga. App.* 452 (2) (140 S. E. 634); *Hill* v. *Sterchi Inc.*, 50 *Ga. App.* 193 (2) (177 S. E. 253). It also failed to show that the amount claimed represented the reasonable value of necessary repairs. See *Olliff* v. *Howard*, 33 *Ga. App.* 778, 779 (127 S. E. 821); *Ga. Ry. &c. Co.* v. *Eubanks*, 33 *Ga. App.* 255 (125 S. E. 909); *Lamon* v. *Perry*, 33 *Ga. App.* 248 (125 S. E. 907). The court did not err in sustaining the demurrer to the original affidavit of illegality, and in refusing to allow the amendment thereto. *Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JULY 7, 1936.

*William B. Kent & Son*, for plaintiff in error.
*G. L. Hattaway, Bennett & Bennett*, contra.

*Judgment reversed. Stephens and Sutton, JJ., concur.*