28839. BROWN *v.* RAGSDALE MOTOR COMPANY.

728

*Winfield P. Jones, F. L. Breen,* for plaintiff.
*E. Harold Sheats,* for defendant.

MacIntyre, J. This was an action for fraud and deceit. Steve Brown alleged in his petition that he purchased a Hudson automobile from the defendant; that he traded in his old car, was allowed $450 therefor, and gave notes for the balance, $744, payable $31 per month for 24 months; that at the time plaintiff bought the car the defendant falsely and fraudulently represented that it was new; that several months previously the defendant had sold the car to one W. G. Patton of Ben Hill, Georgia, and had turned back the speedometer so that the car appeared to be new and not to have been driven at all; that the price of a new Hudson sedan, which plaintiff understood he was buying, was $1036, whereas as a second-hand car it was worth only $673.40, and the plaintiff was damaged in the sum of $362. "Plaintiff alleges that the said representations of the defendant Ragsdale Motor Company Incorporated, and of his said agent and servant, Al Ragsdale, were false and fraudulent, and were made for the purpose of deceiving plaintiff and did actually deceive plaintiff, and by reason of said fraud and deceit practiced on plaintiff by the defendant Ragsdale Motor

Co. Inc., and the aggravated nature of the wrong, plaintiff is entitled to punitive damages in the amount of $2000."

The answer in effect denied the essential allegations of the petition, and further stated that the car had only been driven from the freight depot to defendant's place of business, and was in truth a new car as represented; that the defendant had previously sold the car, which was black in color, to the said W. G. Patton, and had obtained a tag for it, but when Patton and his wife called for the car Mrs. Patton changed her mind as to the color, wanting instead a blue one, and the car in question was never moved from the salesroom by Patton or any one else, and the true mileage was revealed on the car's speedometer, all of which was explained to the plaintiff and his counsel before the filing of this suit.

The evidence for the plaintiff was in effect that the car had been driven several thousand miles before it was sold to the plaintiff; that the speedometer had been turned back; that these facts were known to the defendant and unknown to the plaintiff; that the defendant knowingly and fraudulently represented to the plaintiff that the car was brand new, and induced the plaintiff to enter into the contract to his damage. The defendant introduced the contract of sale which provided: "Said property is purchased solely on judgment of vendee without any warranty or representations from vendor except that the title is unencumbered. This contract and said note, together with all stipulations and agreements therein, are to be construed together and they constitute the entire contract of purchase and sale of said property. All prior or contemporaneous conditions and agreements are therein merged." The judge directed a verdict for the defendant in the following language: "There being no repudiation of the contract set out in the plaintiff's petition, and no offer to rescind, the court is of the opinion that the petition should be construed as standing on the contract, and a verdict is hereby directed, in view of the introduction of the contract, for the defendant in the case."

"A material misrepresentation constituting *actual fraud* may give rise to an *independent* action in tort for deceit, to recover for damage thus occasioned." (Italics ours.) *Penn Mutual Life Ins. Co.* v. *Taggart,* supra. It might be well to bear in mind that the action here is an affirmative one, in which the party against whom the alleged fraud was committed was on the offensive, seeking re-

dress by instituting a suit in tort occasioned by actual fraud. This is not a case where the injured party is merely attempting to defend himself against attack in a suit brought by the party who made the misrepresentation. An independent affirmative action in tort based on fraudulent misrepresentations, in order to be actionable (furnish legal ground for an action), must be based on actual fraud. Code, § 105-302; *Penn Mutual Life Insurance Co.* v. *Taggart,* supra. The petitioner (the injured party) before he can recover in such an action must show or prove, (1) that the defendant made the representations; (2) that at the time he knew they were false (or what the law regards as the equivalent of knowledge); (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on such representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made. *Young* v. *Hall,* 4 *Ga.* 95, 98. "Fraud or duress, by which the consent of a party has been obtained to a contract of sale, renders the sale voidable at the election of the injured party." Code, § 96-201. See, also, Code, § 20-502. Fraud ordinarily gives the injured party the right either to rescind the contract, or, by affirming the same, to claim damages. *Barfield* v. *Farkas,* 40 *Ga. App.* 559 (150 S. E. 600); *Wright* v. *Zeigler,* 70 *Ga.* 501 (5). One who commits an actual fraud which induces another to contract can not protect himself against answering for such fraud by any form of limitation which he may introduce in the terms of such fraudulent contract if the contract is rescinded by the injured party. A collateral provision in the contract that the buyer (the injured party) is acting on his own judgment and is not relying on the representations of the seller, as is here made, is as much the offspring of the fraud as the principal provisions of the contract, and the collateral as well as the principal provisions of such contract are voided and are of no force or effect when the contract is rescinded for actual fraud. *Beasley* v. *Huyett & Smith Co.,* 92 *Ga.* 273, 279 (18 S. E. 420). For the written contract of sale, as it relates to showing actual fraud, stands as if it had never been made, hence the buyer can not be affected by any of the provisions of the contract.

In the case of the sale of an automobile, if the buyer is the defrauded party and elects to rescind, he must manifest his election by distinctly communicating to the other party his intention to re-

pudiate the contract; but still the contract is not rescinded until the buyer returns or offers to return the automobile and restore the other party to the position in which he was before the contract; and if the buyer (the injured party) has thus completed the rescission the contract, whether oral or written, is voided, and none of its provisions are binding on the buyer. Thus, a provision such as the one involved in the instant case would, after the rescission of the contract, be of no force and effect. Tiffany on Sales, 121; *Dove* v. *Roberts,* 50 *Ga. App.* 321 (178 S. E. 169). And if the injured party alleges and proves the five elements necessary to maintain a suit in tort for deceit based on actual fraud as stated above, he can recover. However, in the instant case the buyer brings his independent action for deceit, and the retaining of the automobile and the asking of damages for the difference between its value as represented and the value as it actually was amounts to an affirmance of the contract. Tiffany on Sales, 120. The buyer did not offer to return the automobile or restore the status quo. And, there being in this written contract a provision that "said property is purchased solely on judgment of vendee without any warranty or representations from vendor except that the title is unencumbered. This contract and said note, together with all stipulations and agreements therein, are to be construed together and they constitute the entire contract of purchase and sale of said property. All prior or contemporaneous conditions and agreements are therein merged," the buyer is bound by the statement that he did not rely on any representations of the defendant (the seller) but relied solely on his own judgment. Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written contract. Code, § 38-501; *Floyd* v. *Woods,* 110 *Ga.* 850 (36 S. E. 225). Thus, when the contract, with this provision therein, and *duly signed by the buyer,* was introduced, the evidence demanded a finding that the plaintiff did not rely on the representation of the defendant, and hence the fourth element necessary to sustain the action as stated above was not proved, and the buyer could not recover in such action. The judge did not err in directing the verdict for the defendant. *Purser* v. *Rountree,* 142 *Ga.* 836, 839 (83 S. E. 958); *Mangel* v. *Cunningham,* 166 *Ga.* 71 (2) (142 S. E. 543); *Tuttle* v. *Stovall,* 134 *Ga.* 325 (67 S. E. 806, 20 Ann. Cas. 168); *Wright* v. *Zeigler,* supra; *Barfield* v. *Farkas,*

supra; *Morgan* v. *Williams,* 46 *Ga. App.* 774 (2) (169 S. E. 211).

It was not error to admit in evidence the written contract of sale. In this action for deceit it was necessary to prove the sale of the automobile. The bill of sale was the highest evidence of that fact, and although it was not set forth in the answer or in the petition it was admissible for that purpose. *Dye* v. *Wall,* 6 *Ga.* 584, 587. *Judgment affirmed. Broyles, C. J., concurs.*

GARDNER, J., dissenting. Under the record of this case, the pleadings and the evidence, the writer thinks the judgment should be reversed. The petition alleged that the car which the plaintiff had traded to the defendant had been disposed of to an innocent party, and also that the retention-title obligation which the plaintiff signed for the car he received had been transferred to an innocent party. The evidence sustained these allegations. The plaintiff would not be required to return what he had received to the alleged perpetrator of the fraud who had made it impossible to restore the original status. "The defrauded party may affirm the contract or rescind the contract within a reasonable time after discovery of the fraud, unless it has become impossible to restore the other party to the condition in which he would have been if the contract had not been made, or unless a third person has in good faith and for value acquired an interest in the goods." Tiffany on Sales, 119, § 62. Since, under the evidence, restoration of status had been made impossible by the alleged perpetrator of the fraud, and since the plaintiff, under the allegations and the evidence, was entitled to receive more than he retained, restitution would be vain. As was said in *Henderson Warehouse Co.* v. *Brand,* 105 *Ga.* 217, 224 (31 S. E. 551), "The doctrine of rescission is based upon restitution, and it is only applicable generally where restitution can, or ought to be made."

It was shown by the evidence that the plaintiff had paid the defendant the price of a new car, and even the defendant contended in its plea that the plaintiff had received a new car. If this be true, this was not a warranty excluded from the contract, but was a warranty within the terms of the contract. Therefore, whether one construes the cause of action set out in the petition as for a tort based on deceit arising out of and beyond the terms of the contract, or as an action based on a breach of warranty with actual fraud operating only within the warranty, the cause should have been submitted to the jury on the facts with proper instructions.