### 29004. BUTTS *v.* GROOVER.

SUTTON, J. 1. "One who has been fraudulently induced to purchase property may, after discovering the fraud, affirm the contract and sue for damages resulting from the fraud, or he may rescind the contract for

fraud and, after offering to restore, recover the purchase-price paid by him." *Dunn* v. *Citizens & Southern Co.*, 47 *Ga. App.* 600 (171 S. E. 170); *Barfield* v. *Farkas*, 40 *Ga. App.* 559 (150 S. E. 600); *Tuttle* v. *Stovall*, 134 *Ga.* 325 (67 S. E. 806, 20 Ann. Cas. 168).

2. "Since fraud such as will afford relief against a contract must have been acted upon by the complaining party to his injury, it follows that where the agreement has been reduced to writing and the writing stipulates that it contains the entire agreement, and that the seller is not bound by any sort of warranty, either express or implied, the defendant in a suit on such a purchase-money note will not be permitted, while affirming the contract, to plead damages by way of failure of consideration by showing that the seller had made false and fraudulent representations with reference to the subject-matter of the sale, unless he goes further and shows that he had been fraudulently induced and deceived into signing the note under a misrepresentation as to its contents. *Purser* v. *Rountree*, 142 *Ga.* 836 (83 S. E. 958); *Holt & Duggan Co.* v. *Clary*, 146 *Ga.* 46 (90 S. E. 381); *Harrell* v. *Holman*, 21 *Ga. App.* 159 (93 S. E. 1021)." *Barfield* v. *Farkas*, supra.

3. A statement in a chattel mortgage given by the purchaser to secure a note executed and delivered to the seller of an automobile truck in part payment thereof, that "No warranties express or implied, and no representations, promises, or statements have been made by seller unless indorsed hereon in writing," must be taken as a waiver of all defects in the automobile truck, latent or patent, and as equivalent to a waiver of any and all warranties, express or implied, or any representations as to the mechanical condition of the automobile truck. "Under the terms of such an agreement, which has not been fraudulently procured through artful means or deceitful practices with reference to the contents thereof, 'but which has been knowingly entered upon, there is a conclusive presumption that all previous and contemporary negotiations, however conflicting, have been merged into the written instrument.' *Floyd* v. *Woods*, 110 *Ga.* 850, 853 (36 S. E. 225); *Washington &c. R. Co.* v. *Southern Iron &c. Co.*, 28 *Ga. App.* 684 (112 S. E. 905)." *Morgan* v. *Williams*, 46 *Ga. App.* 774 (169 S. E. 211).

4. In such a case the purchaser will not be heard to say that he did not purchase the property on his own judgment but on the false and fraudulent representations of the seller pending the negotiations leading up to the sale. *Morgan* v. *Williams*, supra; *Widincamp* v. *Patterson*, 33 *Ga. App.* 483 (2) (127 S. E. 158).

5. Applying the above-stated principles of law to the facts of the present case where it was shown that the plaintiff purchased an automobile truck from the defendant, executing and delivering to him as part payment a promissory note, secured by a chattel mortgage on the truck containing the agreement that "No warranties express or implied, and no representations, promises, or statements have been made by seller unless indorsed hereon in writing," and that after using the truck for some 35 days and then discovering that its mechanical condition was not, as he alleged in his petition, as represented by the seller, and that he made a conditional tender of the truck back to the seller through its agent, that is, told the gent that he could have the truck back if he wanted it,

and then continued to use the truck and thus affirmed the contract, and brought a tort action for damages based on the alleged fraudulent representations of the seller, the plaintiff was concluded by his waiver in the written agreement executed by him, and could not be heard, where no trick or device was perpetrated on him to prevent him from reading the contents of the agreement he signed, to say that he did not buy the truck on his own judgment but on the representations of the seller and was damaged thereby. The court did not err in rejecting testimony offered by the plaintiff as to the alleged fraudulent representations by the seller and the actual condition of the automobile truck, and, as a finding was demanded as a matter of law in favor of the defendant, in directing the verdict for the defendant and in overruling the plaintiff's motion for new trial. The present case is controlled by the principles of law enunciated in the above-cited cases, and not by *Nalley* v. *Moore*, 51 *Ga. App.* 718 (181 S. E. 429), cited and relied on by the plaintiff in error, and is distinguishable from that case, in that in the present case only a conditional offer to restore was made, while the decision in the *Moore* case was predicated on a tort action for damages where restoration was made.     *Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

DECIDED OCTOBER 4, 1941.

*Edwin G. Barham,* for plaintiff.
*George L. & Carter Goode,* for defendant.