33924. BRIDGES *v.* AVERY & SONS COMPANY.

WORRILL, J. 1. "Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument." *Bullard* v. *Brewer*, 118 *Ga.* 918 (45 S. E. 711). Consequently, in the instant suit against the purchaser on a note and conditional-sale contract for a tractor and other equipment, the purchaser may not set up an alleged contemporaneous parol agreement by the seller to substitute for an obsolete power lift attached to the tractor

another power lift which would be more satisfactory. *Sumner* v. *General Motors Acceptance Corp.*, 53 *Ga. App.* 630 (186 S. E. 747).

(*a*) In the absence of fraud, accident, or mistake, the statement in the contract, that "No warranties, express or implied, have been made by the dealer unless endorsed hereon in writing," must be taken as a waiver of all defects in the property sold, latent or patent, and as equivalent to a waiver of any and all warranties, express or implied, including any warranty that the power lift was not reasonably suited to the use for which it was bought and sold. *Butts* v. *Groover*, 66 *Ga. App.* 20 (3) (16 S. E. 2d, 894). The court did not err in sustaining the demurrer to the answer.

2. Parties may amend their pleadings at any stage of the cause, but after an order sustaining a general demurrer to an answer has been signed, with no additional time allowed to amend, it is not error for the court to disallow an amendment to the answer.

> *Judgment affirmed. Sutton, C. J., and Felton, J., concur.*
>
> DECIDED APRIL 11, 1952.

*Briggs Carson Jr., Robert R. Forrester*, for plaintiff in error. *Farkas, Landau & Davis*, contra.