35151. MOSELY *v.* JOHNSON.

Decided May 13, 1954.

*Parker & McGee,* for plaintiff in error.
*Kopp & Peavy,* contra.

TOWNSEND, J. Upon discovery that one has been induced to enter into a contract as the result of a fraudulent misrepresentation, he may elect whether to affirm the contract and bring an action for deceit for damages, or to rescind the contract, thereby

repudiating it, and seek to recover the consideration paid. *Commercial City Bank v. Mitchell*, 25 *Ga. App.* 837 (105 S. E. 57); *Manget v. Cunningham*, 166 *Ga.* 71 (2d) (142 S. E. 543); *Tuttle v. Stovall*, 134 *Ga.* 325 (67 S. E. 806, 20 Ann. Cas. 168). "In the former case it should appear from the petition to what extent the plaintiff has been damaged as a result of the fraud, and in the latter it must appear that he repudiated the contract for fraud and offered to rescind promptly after the discovery of the fraud." *Dunn v. Citizens &c. Co.*, 47 *Ga. App.* 600 (1) (171 S. E. 170). "There is a distinction to be drawn between a contract induced by fraud, and the mere breach of a warranty. In the former case title does not pass, and the contract may be rescinded. In the latter case title does pass, and the purchaser is relegated to his claim for damages. No form of or limitation in a warranty will protect a party from a rescission of a contract on the ground that it was induced by actual fraud." *Dove v. Roberts & Co.*, 50 *Ga. App.* 321 (178 S. E. 169). See also *Barfield v. Farkas*, 40 *Ga. App.* 559 (1, 2, 6) (150 S. E. 600). A material misrepresentation falsely made by a vendor to a vendee to induce a sale, and made with a knowledge of its falsity, amounts to actual fraud. *Emlen v. Roper*, 133 *Ga.* 726 (2) (66 S. E. 934); *Cates v. Owens*, 87 *Ga. App.* 270 (73 S. E. 2d 345). Code § 20-502 provides as follows: "Fraud renders contracts voidable at the election of the injured party." Before the cancellation of a contract for fraud will be authorized, it must appear that the complaining party was reasonably diligent in the use of the facilities at his command to detect the same, and he cannot blindly rely upon the misrepresentations of the opposite party and then claim he has been defrauded when the knowledge is as available to the one as to the other. *Lewis v. Foy*, 189 *Ga.* 596 (6 S. E. 2d 788). However, it is usually a jury question as to whether the person to whom the alleged false and fraudulent representation is made was negligent in relying thereon. *Thompson v. Bank of Arlington*, 44 *Ga. App.* 686 (2) (162 S. E. 647); *Summerour v. Pappa*, 119 *Ga.* 1 (5) (45 S. E. 713). Also, to be actionable, fraud must be accompanied by injury. *Stovall & Strickland v. McBrayer*, 20 *Ga. App.* 93 (1) (92 S. E. 543); *Fuller v. Corker Motor Car Co.*, 137 *Ga.* 370 (73 S. E. 647). Yet, "in so far as the right to rescind a contract for fraud is concerned, injury or damage

within the rule does not mean such actual pecuniary damage as might be estimated and recovered by a money judgment." *Crowell* v. *Brim*, 191 *Ga.* 288 (1), 290 (12 S. E. 2d 585). As stated therein, a misrepresentation of a material fact affecting the value and marketability of the property purchased, the actual result of which is to substitute a subject matter for the contract of purchase different from that which the vendor believed he was purchasing, will give rise to the right of rescission. In this connection, at least two cases are of interest because dealing with the same subject matter as that of the petition here. In *Southern Auto Co.* v. *Fletcher*, 66 *Ga. App.* 168 (17 S. E. 2d 294), it was held that no cause of action would arise for fraudulently representing a Plymouth automobile to be a 1937 model, where the written contract of sale showed it to be a 1936 model, no fraud being alleged such as to prevent the plaintiff from reading the contract. In *Aderhold* v. *Zimmer*, 86 *Ga. App.* 204 (71 S. E. 2d 270), the vehicle was both orally and in the written contract of sale represented to be a 1949 model Hudson, whereas it was in fact a 1948 model. In that case the owner did not discover the misrepresentation until he attempted to sell the car some 16 months later; he then elected to affirm the contract and sue for damages as represented by the difference between the value of the property and the contract price. The same situation was involved in *Brown* v. *Ragsdale Motor Co.*, 65 *Ga. App.* 727 (16 S. E. 2d 176).

Accordingly, where, as here, the plaintiff elects (according to the allegations of the petition), promptly upon discovery of the false misrepresentations as to the age and model of the automobile purchased, to rescind the contract, and immediately thereafter restores the property to the vendor, the question of whether or not he used ordinary diligence in detecting the falsity of the representations is a matter for jury determination. Nothing in *Miller* v. *Roberts*, 9 *Ga. App.* 511 (71 S. E. 927); *Krys* v. *Henderson*, 85 *Ga. App.* 323 (69 S. E. 2d 635), or *Watkins* v. *Mertz*, 83 *Ga. App.* 115 (62 S. E. 2d 744), cited by the plaintiff in error, holds contrary to this rule of law. Also, the plaintiff having elected to rescind the contract, return the property, and sue for the recovery of the purchase money, rather than to bring an action in damages for deceit—his measure of damages is the

money paid out by him rather than the difference in value between the contract price and the market price of the property, and the petition is not demurrable for failing to state the latter measure of damages.

The petition set out a cause of action, and the trial court erred in sustaining the general demurrer thereto.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*