570

35016.  HUNTER *v.* ALLAN-GRAYSON REALTY CO. *et al.*

Decided April 12, 1954—Rehearing denied July 27, 1954.

*J. C. Bowden, A. G. Smith,* for plaintiff in error.

*J. J. Fine, F. H. Boney,* contra.

QUILLIAN, J. No fraud is shown in the petition because, while it undertakes to allege that the building was not suited for the use intended, it does so only by a vague conclusion which does not reveal why or in what respect the building was not suited for the purposes intended. A petition must allege a cause of action with some degree of certainty in order to withstand a general demurrer. *Nance* v. *Daniel,* 183 *Ga.* 538 (1) (189 S. E. 21).

The petition here utterly fails to set forth a cause of action for the following reasons: While it alleges that the building rented to the plaintiff by the defendants had been condemned prior to the date of the contract, it does not show that the building was condemned for any defect existing in it, or that the order of condemnation was in force on the date of the contract or at

any time thereafter. Nothing is added to the strength of the petition by the allegations that the building was subject to condemnation because, so far as the petition reveals, no action was ever taken by the city authorities to condemn it during the period covered by the rental contract. The petition does not allege that there were any latent defects in the building, or that the plaintiff did not have full opportunity to inspect the building and to investigate its condition.

No fraudulent conduct of the defendants that prevented the plaintiff from becoming fully acquainted with the condition of the building and its adaptability to the purpose he intended to use it for is shown in the petition. The allegations that by cunning, scheme, plan, etc., the defendants induced the plaintiff to rent the building are unsupported by any allegation of fact and amount to no more than a conclusion of the pleader, upon which a cause of action cannot be founded.

The petition is fatally defective because it does not show that the plaintiff was deprived of the full possession and enjoyment of the rented premises at any time covered by the rental contract.

If what is said were not enough, the petition strikes itself down with its own lance, by alleging that the plaintiff went into possession of the building and occupied it for 12½-months, without showing that during that time there was any change in the condition of the rented premises or their adaptability for the use for which the plaintiff rented the same.

No strength is added to the petition by the allegations that the defendants knew and that the plaintiff did not know that the building was not suitable for the type of business intended to be carried on therein, for the very simple reason that the copy of the contract made a part of the petition does not contain any stipulation that the building is to be used for any purpose, except that it is not to be used for those that are illegal, and the copy further discloses that the contract is the entire agreement between the parties, and this excludes all agreements and representations not contained therein. *Butts* v. *Groover,* 66 *Ga. App.* 20 (2) (16 S. E. 2d 894); *Bridges* v. *Avery & Sons Co.,* 86 *Ga. App.* 9 (70 S. E. 2d 550).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*